IN THE OREGON TAX COURT
MAGISTRATE DIVISION

PBH, INC.,
an Oregon Corporation,
*Plaintiff,*

*v.*

MULTNOMAH COUNTY ASSESSOR,
*Defendant.*

(TC-MD 001026D)

Gregory W. Byrne, Portland, argued the cause for Plaintiff.

John Thomas, Multnomah County Assistant County Counsel, argued the cause for Defendant.

Decision for Defendant rendered January 31, 2001.

**JILL A. TANNER, Magistrate.**

This matter is before the court on Defendant's Motion to Dismiss or for Summary Judgment (Motion to Dismiss), filed November 16, 2000. Oral argument was held January 8, 2001. Gregory W. Byrne, Attorney at Law, represented Plaintiff. John Thomas represented Defendant.

### STATEMENT OF FACTS

Plaintiff filed a Complaint in this court on September 1, 2000, appealing Multnomah County Assessor's June 7, 2000, notice of a correction made to the tax roll, which added omitted property. That Complaint, however, named the Department of Revenue (the department) as the defendant. The department immediately moved for dismissal, which was granted by this court on the grounds that the department was inappropriately named.

In response to the department's motion, on September 26, 2000, Plaintiff filed Plaintiff's Motion to File Amended Complaint (Motion to Amend) and an Amended Complaint, this time naming Multnomah County Assessor as Defendant. Plaintiff's Motion to Amend was granted. Multnomah County Assessor, the appropriately named Defendant on the Amended Complaint, now moves the court to dismiss for Plaintiff's failure to timely file.

### ANALYSIS

The issue presented in this case is whether Plaintiff's Amended Complaint, filed after the expiration of the applicable statute of limitations, relates back to Plaintiff's original Complaint. ORS 311.223(4)[1] provides that a taxpayer who appeals a correction to the tax roll made pursuant to ORS 311.216 to 311.232 to the Tax Court must notify the

---

[1] All references to the Oregon Revised Statutes (ORS) are to 1999.

county assessor within 90 days of the date the roll was corrected.[2] Plaintiff's original Complaint was filed September 1, 2000. The Amended Complaint was filed September 26, 2000.

Defendant's Motion to Dismiss is based on Plaintiff's failure to timely file its Amended Complaint within the statutorily required 90 days. Plaintiff's primary argument is that it would be unjust to apply technical or formal rules in this case because the informality of the Magistrate Division is "designed to allow the court to resolve appeals in a fair and impartial way."[3] TCR-MD Preface 2000.

Plaintiff's arguments are one step ahead of the development of this case. The phrase on which Plaintiff leans refers to proceedings on the merits, a stage this case has not yet reached. While it is accurate that the rules governing the Magistrate Division are geared away from strict formalities found in other courts, there lies an important distinction between resolving appeals and allowing them to move forward. Statutes of limitations are a long-standing concept in the legal system, created by legislatures for reasons of public policy. *See Allen v. Lococo*, 252 Or 195, 197, 448 P2d 569 (1968). They are used for the purpose of establishing a reasonable time within which an action must be brought that gives the opposing party a fair opportunity to defend. *See id.*

Defendant also argues that the Amended Complaint does not relate back to the filing of the original Complaint under TCR 23 C, because the circumstances fail the requirement that the new party, Defendant, receive actual or constructive notice of the action within the appeal period.[4] Plaintiff responds by arguing that TCR 23 C does not apply, citing ORS 305.501(4)(a) for the principle that the Magistrate Division is not bound by technical or formal rules of procedure.

---

[2] If applicable, the department must be notified. The appropriate procedures for filing an appeal with the Tax Court are set forth in ORS 305.275 to 305.280.

[3] Plaintiff stated that the mistake in naming the wrong defendant was due to the oversight of a simple scrivener's error.

[4] TCR 23 C is made applicable through the MDR Preface, which states, in part, that "[i]f circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant."

■ TCR 23 C provides an exception to the barring effect of a period of limitation, but retains the purpose of notice. It provides, in part:

> "An amendment changing the party against whom a claim is asserted relates back if [the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading] and, *within the period provided by law for commencing the action* against the party to be brought in by amendment, such party (1) *has received such notice* of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, *and* (2) *knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment.*"[5]

TCR 23 C (emphasis added). The rationale in permitting a post-limitation period amendment is that the new party "has been given the notice that the statute of limitations was intended to assure." *Welch v. Bancorp Management Services*, 296 Or 208, 221, 675 P2d 172 (1983) (citing Wright & Miller, 6 *Federal Practice & Procedure* § 1496, 482-83, § 1503, 535 (1971)). In this case, Defendant had no knowledge that Plaintiff intended to file an appeal until after the 90-day appeal period had elapsed.[6]

■ The Magistrate Division of the Oregon Tax Court operates less formally than most other courts. However, ignoring a legislatively enacted requirement of the tax system would be stepping beyond the court's authority. This court does not relinquish adherence to the applicable statutes of limitations.[7]

---

[5] *See Harmon v. Fred Meyer*, 146 Or App 295, 298, 933 P2d 361 (1997) (citing *Richlick v. Relco Equipment, Inc.*, 120 Or App 81, 85, 852 P2d 240 (1993) for its holding that an amendment changing the defendant will relate back under ORCP 23 C only if the new defendant received notice of the action within the limitation period specified by statute).TCR 23 C also specifies that the new defendant must receive notice within the statute of limitations.

[6] *See Hamilton v. Moon*, 130 Or App 403, 882 P2d 1134 (1994) (affirming trial court's ruling that action was time-barred where the plaintiff brought action naming incorrect defendant, then, after the statute of limitations had run, filed an amended complaint naming the correct defendant, but the new defendant did not have notice of the action within the period of limitations).

[7] One exception to the timely filing requirements in the Tax Court is for "good and sufficient cause," which is not present in this case. *See* ORS 305.288(3), (5).

■ Plaintiff also argues that even if TCR 23 C applies, it is not necessary for the court to find that the Amended Complaint relates back to the original Complaint because, under TCR 30, at any stage in a proceeding, parties may be added by court order. That rule pertains to joinder of parties, in particular misjoinder and nonjoinder of parties, and is not applicable in this case. In addition, Plaintiff notes that MDR 1 C does not require taxpayers to send a copy of the complaint to the defendant. However, Plaintiff infers from that rule that a defendant need not receive notice. This is not so. When a property tax appeal is filed with the court, the court serves both the department[8] as well as the county,[9] as named on the complaint. In this case, the county was not named on the original Complaint and, as a result, the court did not send a copy of the original Complaint to the county.[10] Therefore, Defendant did not receive notice of the appeal until after the 90-day appeal period.

Plaintiff concludes that, even despite Defendant's lack of notice within the time limitation, Defendant is not prejudiced by a late filing. A public body stands in no greater or lesser position than a private individual or business in the eyes of the court. The court is sympathetic to Plaintiff's situation. However, what Plaintiff characterizes as a mere scrivener's error resulted in filing the Amended Complaint after the statute of limitations had run.[11] Defendant, therefore, did not receive notice of the action within the 90-day appeal period, which is, by statute and rule, clearly not allowed.

## CONCLUSION

IT IS THE DECISION OF THE COURT that Defendant's Motion to Dismiss is granted for failure to timely file.

---

[8] The court is required by statute to serve certified copies of all complaints on the Department of Revenue because it has the right to intervene in property tax appeals. *See* ORS 305.560.

[9] TCR 7 A(1) expands the applicability of ORS 305.560(1)(b) by specifying that the Tax Court shall serve a certified copy of the complaint on all defendants. TCR 7 applies to the Magistrate Division through MDR Preface.

[10] If Plaintiff had named the incorrect county, the same result would have occurred.

[11] A complicating factor is that Plaintiff filed the original Complaint at the end of the appeal period, taking the risk of not having time to correct errors. *See Umatilla County v. B & G Resources, Inc.*, OTC-RD No. 4368 (Apr 8, 1999).