IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

NICOLYNN PROPERTIES, LLC, )
)
      Plaintiff, ) TC-MD 120757D
)
    v. )
)
BENTON COUNTY ASSESSOR, )
)
      Defendant, )
)
    and )
)
DEPARTMENT OF REVENUE, )
State of Oregon )
)
      Defendant-Intervenor. ) **DECISION OF DISMISSAL**

This matter is before the court on Defendant-Intervenor's Motion to Dismiss, stating that

Plaintiff failed to file its appeal within 90 days as required by ORS 311.223(4) and ORS

305.280(1). The parties appeared at a case management conference held by telephone on

December 13, 2012. Cary B. Stephens, Attorney, appeared on behalf of Plaintiff. Richard D.

Newkirk, Appraiser, appeared on behalf of Defendant, and Douglas M. Adair, Senior Assistant

Attorney General, appeared on behalf of Defendant-Intervenor.

## I. STATEMENT OF FACTS

Defendant added value to the 2006-07 through 2011-12 tax roll for Plaintiff's property

identified as Account 377371 (subject property). (Besse Decl, Ex A at 1-6.) Plaintiff learned of

Defendant's action when it received a letter issued by the Benton County tax deputy on May 1,

2012. (Ptf's Compl, Ex A.)

The tax deputy's letter of May 1, 2012, stated: "You have previously been notified by

the Benton County Assessor that additional value has been added to your property tax account

for the tax years listed below[.]" (*Id.*) The date that Defendant added additional value was not stated in the letter. The letter included two tables, the first showing the corrected tax, original tax, and increase in tax for each year from 2006 through 2011, and the second showing the schedule by which a portion of the newly assessed back taxes would "be added to subsequent October property tax statements" for each year from 2012-13 through 2017-18. (*Id.*) The tax deputy's letter stated:

> "If you do not agree with this assessment, you may appeal to the Magistrate Division of the Oregon Tax Court within 90 days of this letter. * * * If you decide not to appeal to the Magistrate Division, you will have no other appeal opportunities."

(*Id.*)

Prior to the tax deputy's letter being sent to Plaintiff, Defendant issued six Notices of Intent to Add Value Due to a Clerical Error dated March 22, 2012, stating the amounts to be added to the tax roll for each of the tax years. (Besse Decl, Ex A at 1-6.) There is no evidence that Defendant issued Plaintiff a notice that the tax roll was corrected.

Plaintiff's Complaint was filed on September 19, 2012. Defendant-Intervenor's Motion to Dismiss Plaintiff's Complaint was filed October 22, 2012, and was joined by Defendant on October 24, 2012.

## II. ISSUE

The issue before the court is whether Plaintiff's alleged defects in Defendant's procedure and notice provided to Plaintiff extend the 90 day appeal period for corrections of clerical errors under ORS 311.223(4).

## III. ANALYSIS

A person aggrieved by a county's addition of value to the roll to correct a clerical error has 90 days to appeal after receiving actual knowledge of the county's action. ORS 311.205(3);

ORS 311.223(4); ORS 305.280(1); ORS 305.275(2).[1]  The procedures for correcting clerical

errors in a prior year tax roll, and for appealing those corrections once made, are found in the

statutes governing the addition of omitted property:

> "Whenever a correction [pursuant to ORS 311.205, which authorizes corrections
> of clerical errors] is to be made after the assessor has delivered the roll to the tax
> collector, the effect of which is to increase the assessment to which it relates,
> except where made by order of the department, the procedure prescribed in ORS
> 311.216 to 311.232 [the omitted property statutes] shall be followed; and the
> provisions therein with respect to appeals shall likewise apply."

ORS 311.205(3) (in relevant part).  Appeals of clerical error corrections are governed by

ORS 311.223(4), which states, in pertinent part:

> "Any person aggrieved by an assessment made under ORS 311.216 to
> 311.232 may appeal to the tax court within 90 days after the correction of the roll
> as provided in ORS 305.280 and 305.560. * * *."

Because ORS 311.223(4) limits the appeal period to 90 days, in conjunction with

ORS 305.280(1) it functions as a statute of limitations for omitted property appeals and

clerical error corrections.  Appeals must be filed within 90 days after the assessment

becomes actually known to the person.[2]  *Id*.; ORS 305.280(1); ORS 305.275(2).

Where an appeal is filed after the time provided by the applicable statute of

limitations, the court does not proceed to the merits of the case before first deciding

whether the case should be allowed to move forward.  *PBH, Inc. v. Multnomah County*

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

[2] The legislature amended ORS 311.223(4) in 2007, inserting the reference to ORS 305.280.  Or Laws, ch 452 (2007).  ORS 305.280(1) states in pertinent part that:

> "Except as otherwise provided in this section, an appeal under ORS 305.275(1) or (2)
> shall be filed within 90 days after the act, omission, order or determination becomes actually
> known to the person, but in no event later than one year after the act or omission has occurred, or
> the order or determination has been made."

Prior to that amendment, this court concluded that ORS 305.280 did not apply to appeals under ORS 311.223(4).  *See AT&T Wireless Services of Oregon, Inc. v. Jackson County Assessor*, TC-MD No 020376E, WL 21254247 (May 22, 2003).

*Assessor* (*PBH*), 16 OTR-MD 318, 320 (2001) (dismissing plaintiff's appeal because plaintiff's amended complaint changing named defendant was not filed until after the 90 day appeal period lapsed).  Generally, "[i]f the appeal period expires, the owner is time barred from obtaining any relief." *Eby v. Dept. of Rev.* (*Eby*), 15 OTR 247, 251 (2000).  "Statutes of limitations are a long-standing concept in the legal system, created by legislatures for reasons of public policy.  They are used for the purpose of establishing a reasonable time within which an action must be brought that gives the opposing party a fair opportunity to defend." *PBH*, 16 OTR-MD at 320 (citation omitted).

The court is deferential to legislatively enacted statutes of limitations, even where a county's notice contains considerable defects.  *See Hood River County v. Dabney* (*Hood River*), 246 Or 14, 423 P2d 954 (1967) (affirming dismissal of untimely appeal from tax foreclosure where county's notice had erroneously stated that property owner had 42 days to appeal rather than 60 days).  It should be noted that in a timely appeal, the court will find a notice invalid if it does not conform to statutory requirements.  *See Preble v. Dept. of Rev.*, 331 Or 320, 14 P3d 613 (2000) (in timely filed appeal, notice of deficiency held invalid because it did not contain all statutorily required elements).  Before the court can review the merits of an assessor's procedure, it must first determine whether an appeal is barred by a statute of limitations.

In the rare instance where the court allows an untimely appeal to proceed, it looks at whether defects in notice prevented the taxpayer from making an informed decision about whether to file a complaint within the appeal period.  *See*, *e.g.*, *AT&T Wireless Services of Oregon, Inc. v. Jackson County Assessor*, TC-MD No 020376E, WL 21254247 (May 22, 2003) (allowing an untimely appeal where county's notice failed to include appeal rights); *cf. Eby*, 15

OTR at 251-52 (notice providing property owner with unambiguous appeal period, market value, and tax liability is "essential element in procedural due process").

Even where a taxpayer receives no notice from an assessor at all, the appeal period may expire where the taxpayer has received actual notice from another source. *See Adair v. Dept. of Revenue* (*Adair*), 17 OTR 311, 313 (2004) (even though taxpayer alleged never receiving correction notice, failure to file appeal within 90 days of receiving annual tax bill renders appeal untimely).

In the case before the court, Plaintiff's Complaint was filed September 19, 2012, which is 141 days after the tax deputy's letter dated May 1, 2012. From the tax deputy's letter, Plaintiff was informed no later than May 1, 2012, that Defendant had added value to the roll. Plaintiff was also informed by that letter of its pending tax liability. That letter also contained a clear statement of Plaintiff's appeal rights:

> "If you do not agree with this assessment, you may appeal to the Magistrate Division of the Oregon Tax Court within 90 days of this letter. * * * If you decide not to appeal to the Magistrate Division, you will have no other appeal opportunities."

(Ptf's Compl, Ex A.)

Plaintiff alleges that its appeal of the tax deputy's letter should be allowed because of defects in the process followed by Defendant. Plaintiff argues that a defect in Defendant's process invalidates its "correction of the roll," which is the starting point for the 90 day appeal period under ORS 311.223(4).

Whatever the merits of Plaintiff's objections to Defendant's procedure, the court does not consider whether a correction of the tax roll is valid or invalid before deciding whether an appeal is filed timely. The court interprets statutes first based on their text and context. *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009). The context of ORS 311.223(4) makes plain that the

phrase "correction of the roll" need not be construed to mean only a *valid* roll correction. Under Plaintiff's proposed statutory interpretation, the 90 day appeal period does not apply wherever an assessor's action is actually invalid; in such cases, according to Plaintiff, the appeal period does not begin to run and actions may accordingly be brought at any time. Effectively, then, Plaintiff would have ORS 311.223(4) only limit appeals of valid acts, and wherever an assessor's act is invalid no limit would apply. The court is prohibited from inserting the word "valid" or "legal" before the phrase "correction of the roll" in ORS 311.223(4). *See* ORS 174.010 (stating in pertinent part, that "[i]n the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted").

In reviewing the alleged defects in Defendant's procedure, the court limits itself to the question of whether any such defects prevented Plaintiff from filing a timely appeal. The court does not address the question of whether, in a timely appeal, those defects would invalidate Defendant's addition of value to the tax roll for the subject property.

The court finds that none of the defects alleged by Plaintiff prevented it from filing an appeal within 90 days of receiving the tax deputy's letter informing it of Defendant's action. To be able to file such an appeal, Plaintiff needed to know that Defendant had acted, what the resultant tax liability was, and that it had the right to appeal. Plaintiff's allegation that Defendant failed to file a written statement directing the tax collector to correct the roll as required by ORS 311.223(1) is therefore beside the point; such mechanisms do not impact Plaintiff's ability to contest the assessment. Likewise, Defendant's failure to notify Plaintiff did not impact Plaintiff's ability to appeal in this case because Plaintiff received actual knowledge of Defendant's act from the tax deputy, together with a statement of appeal rights. Finally, the

absence of an explicit date upon which the roll correction occurred in the tax deputy's letter did not impinge on Plaintiff's appeal rights because the date of the roll correction is used only to calculate the beginning of the 90 day appeal period. Here, having learned of the roll correction from the tax deputy's letter, Plaintiff knew that the correction had been made no later than the date of the tax deputy's letter. There was no allegation that the appeal period began to run before the date of the tax deputy's letter; in fact, the statement of appeal rights was calculated from the date of that letter.

Finally, in addition to the alleged procedural defects discussed above, Plaintiff raises further objections to Defendant-Intervenor's Motion to Dismiss based on its receipt of a 2012-13 tax statement. Specifically, Plaintiff alleges that the subject property's 2012-13 tax statement is inconsistent with the tax deputy's letter and is therefore evidence of bad faith dealing on the part of Defendant. Plaintiff argues that Defendant should therefore be estopped from relying on its notices, or, alternatively, be held to have waived reliance on them. Those objections are not well taken. Plaintiff's allegations do not excuse its failure to timely appeal a correction notice received in May 2012. Plaintiff's allegation that the subject property's 2012-13 tax statement is inconsistent with prior notices received is properly the subject of an appeal of that tax statement, not the tax years 2006-07 through 2011-12 that are before the court.

IV.    CONCLUSION

Having carefully considered the arguments presented, the court concludes that the alleged defects in Defendant's procedure are insufficient to waive the 90 day appeal period under ORS 311.223(4). Accordingly, Plaintiff's Complaint filed September 19, 2012, was untimely. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant-Intervenor's Motion to Dismiss is granted. The Complaint is dismissed.

Dated this ____ day of February 2013.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Presiding Magistrate Jill A. Tanner on February 4, 2013. The court filed and entered this Decision on February 4, 2013.*

DECISION OF DISMISSAL  TC-MD 120757D                                    8