IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

BURKE COHEN LIVING TRUST, )
)
        Plaintiff, ) TC-MD 130385D
)
    v. )
)
MULTNOMAH COUNTY ASSESSOR, )
)
        Defendant. ) **FINAL DECISION**

Plaintiff appeals the 2012-13 exception real market value of property identified as

Account R196406 and disputes the "exception event" that resulted in more than "the standard

3% tax increase per year." (Ptf's ltr at 1, June 11, 2013.) The court's Order, filed September 25,

2013, requested Defendant to submit a written response to Plaintiff and the court, explaining how

it complied with the statutory requirement for adding the real market value of omitted property to

the 2012-13 tax roll and to submit a copy of the notice sent to Plaintiff.

In response, Defendant wrote that it "added exception value for work done to the

Plaintiff's home in the 2012-13 tax year pursuant ORS 308.146." (Def's ltr at1, Sept 30, 2013.)

To its response, Defendant attached photographs, dated April 20, 2011, September 8, 2011 and

February 2, 2012, in support of its statement that

> "the home looked to be completely remodeled and/or refurbished including
> refinished siding, refinished and/or new window trim, refinished and/or new
> soffits, refinished and/or new trimming above and between the porch columns,
> new base trim below the siding, new gutters, new or refurbished front door, new
> or newer garage door, new exterior paint to the home and detached garage, new
> exterior lighting fixtures on both side of the front door and detached garage door,
> etc."

(*Id*.)

/ / /

After receiving Defendant's response, the court issued an Order, filed October 10, 2013, requesting Plaintiff to "submit copy of the 'recent mortgage statement that showed an increase in [Plaintiff's] payment' including a sworn affidavit stating when the mortgage statement was received and when Plaintiff first knew the amount of the 2012-13 property taxes." Plaintiff submitted its response on October 15, 2013, attaching a copy of a Wells Fargo Home Mortgage escrow account disclosure statement and notice of new mortgage payment dated January 9, 2013. In a subsequent letter dated October 22, 2013, the court requested Plaintiff to submit in writing the date of Plaintiff's initial contact with Defendant and the name of the individual contacted. Plaintiff's letter dated October 29, 2013, was received November 1, 2013, stating that Plaintiff "first contacted Multnomah County to inquire about this issue on or about May 10[th], 2013," and spoke to "Ms. Guttormsen * * * on May 15[th], around 3pm, which is the first time I spoke with her directly."

Plaintiff states that the main issue before the court is the subject property's 2012-13 exception value. The value of new property and new improvements is commonly referred to as "exception value." "'New property or new improvements' means changes in the value of property as the result of: (A) New construction, reconstruction, major additions, remodeling, renovation or rehabilitation of property [.]" ORS 308.149(5)(a).[1] New improvements do not include "minor construction," which is defined as "additions of real property improvements, the real market value of which does not exceed $10,000 in any assessment year or $25,000 for cumulative additions made over five assessment years." ORS 308.149(5)(b), (6).

A person aggrieved by a county's addition of value to the roll to correct a clerical error has 90 days to appeal after receiving actual knowledge of the county's action. ORS 311.205(3);

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2009.

ORS 311.223(4); ORS 305.280(1); ORS 305.275(2). The procedures for correcting clerical

errors in a prior year tax roll, and for appealing those corrections once made, are found in the

statutes governing the addition of omitted property:

> "Whenever a correction [pursuant to ORS 311.205, which authorizes corrections
> of clerical errors] is to be made after the assessor has delivered the roll to the tax
> collector, the effect of which is to increase the assessment to which it relates,
> except where made by order of the department, the procedure prescribed in ORS
> 311.216 to 311.232 [the omitted property statutes] shall be followed; and the
> provisions therein with respect to appeals shall likewise apply."

ORS 311.205(3) (in relevant part). Appeals of clerical error corrections are governed by ORS

311.223(4), which states, in pertinent part:

> "Any person aggrieved by an assessment made under ORS 311.216 to 311.232
> may appeal to the tax court within 90 days after the correction of the roll as
> provided in ORS 305.280 and 305.560."

Because ORS 311.223(4) limits the appeal period to 90 days, in conjunction with ORS

305.280(1) it functions as a statute of limitations for omitted property appeals and clerical error

corrections. Appeals must be filed within 90 days after the assessment becomes actually known

to the person.[2] ORS 305.280(1); ORS 305.275(2).

Where an appeal is filed after the time provided by the applicable statute of limitations,

the court does not proceed to the merits of the case before first deciding whether the case should

be allowed to move forward. *PBH, Inc. v. Multnomah County Assessor* (*PBH*), 16 OTR-MD

318, 320 (2001) (dismissing plaintiff's appeal because plaintiff's amended complaint changing

---

[2] The legislature amended ORS 311.223(4) in 2007, inserting the reference to ORS 305.280. Or Laws, ch
452 (2007). ORS 305.280(1) states in pertinent part that:

> "Except as otherwise provided in this section, an appeal under ORS 305.275(1) or (2) shall be filed within
> 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later
> than one year after the act or omission has occurred, or the order or determination has been made."

Prior to that amendment, this court concluded that ORS 305.280 did not apply to appeals under ORS
311.223(4). *See AT&T Wireless Services of Oregon, Inc. v. Jackson County Assessor*, TC-MD No 020376E, WL
21254247 (May 22, 2003).

named defendant was not filed until after the 90 day appeal period lapsed). Generally, "[i]f the appeal period expires, the owner is time barred from obtaining any relief." *Eby v. Dept. of Rev.* (*Eby*), 15 OTR 247, 251 (2000). "Statutes of limitations are a long-standing concept in the legal system, created by legislatures for reasons of public policy. They are used for the purpose of establishing a reasonable time within which an action must be brought that gives the opposing party a fair opportunity to defend." *PBH*, 16 OTR-MD at 320 (citation omitted).

The court is deferential to legislatively enacted statutes of limitations, even where a county's notice contains considerable defects. *See Hood River County v. Dabney*, 246 Or 14, 423 P2d 954 (1967) (affirming dismissal of untimely appeal from tax foreclosure where county's notice had erroneously stated that property owner had 42 days to appeal rather than 60 days). It should be noted that in a timely appeal, the court will find a notice invalid if it does not conform to statutory requirements. *See Preble v. Dept. of Rev.*, 331 Or 320, 14 P3d 613 (2000) (in timely filed appeal, notice of deficiency held invalid because it did not contain all statutorily required elements). Before the court can review the merits of an assessor's procedure, it must first determine whether an appeal is barred by a statute of limitations.

In the case before the court, Plaintiff's Complaint was filed June 11, 2013. In its response to the court's Order, filed October 10, 2013, Plaintiff attached a copy of Wells Fargo Home Mortgage escrow account disclosure statement and notice of new mortgage payment stating: "Statement date: January 9, 2013." In its letter dated June 11, 2013, Plaintiff stated that after receiving the disclosure statement, Plaintiff "called to find out the reason" and was informed that the "escrow portion of the payment had to be increased dramatically * * * due to an unexpectedly large increase in the 2012 Multnomah County tax payment over the 2011

/ / /

payment." Plaintiff's Complaint was filed more than "90 days after the assessment" was "actually known to" Plaintiff. ORS 305.280(1); ORS 305.275(2).

Plaintiff alleges that its appeal should be allowed because of defects in Defendant's procedure. Plaintiff's first knowledge that Defendant added "exception value" to the 2012-13 property tax account came from a telephone conversation with Defendant's appraiser on May 15, 2013. In effect, Plaintiff argues that a defect in Defendant's process invalidates its "correction of the roll," which is the starting point for the 90 day appeal period under ORS 311.223(4).

Whatever the merits of Plaintiff's objections to Defendant's procedure, the court does not consider whether a correction of the tax roll is valid or invalid before deciding whether an appeal is filed timely. The court interprets statutes first based on their text and context. *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009). The context of ORS 311.223(4) makes plain that the phrase "correction of the roll" need not be construed to mean only a valid roll correction. Under Plaintiff's proposed statutory interpretation, the 90 day appeal period does not apply wherever an assessor's action is actually invalid; in such cases, according to Plaintiff, the appeal period does not begin to run and actions may accordingly be brought at any time. Effectively, then, Plaintiff would have ORS 311.223(4) only limit appeals of valid acts, and wherever an assessor's act is invalid no limit would apply. The court is prohibited from inserting the word "valid" or "legal" before the phrase "correction of the roll" in ORS 311.223(4). *See* ORS 174.010 (stating in pertinent part, that "[i]n the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted").

In reviewing the alleged defects in Defendant's procedure, the court limits itself to the question of whether any such defects prevented Plaintiff from filing a timely appeal. The court

does not address the question of whether, in a timely appeal, those defects would invalidate Defendant's addition of value to the tax roll for the subject property.

The appropriate procedure for adding value that was omitted from the tax roll is found in ORS chapters 311 and 308. An assessor is required to give notice to the property owner of "the assessor's intention to add the property to the assessment or tax roll under ORS 311.216 to 311.232" and an opportunity for the taxpayer to show cause why the property should not be added to the "assessment and tax roll." ORS 311.219. Defendant did not follow the statutory procedure.

In *Adair v. Department of Revenue* (*Adair*), 17 OTR 311 (2004), this court addressed the issue of a taxpayer who did not actually receive the notice even though county followed the statutory procedure that the county added real market value to the tax roll. After citing ORS 305.275 and ORS 305.280 (statutes applicable to the matter before the court and noting that ORS 311.223(4) is not the "exclusive route of appeal"), the court held that "even if taxpayer did not receive mailed notice of" the county's "addition of the property to the assessment roll," taxpayer "did receive actual notice of it no later than the receipt of the annual tax bill." *Adair* at 313. In *Adair*, the court concluded that the taxpayer's complaint was "untimely and must be dismissed." (*Id*.)

In this case before the court, Plaintiff received actual notice that Plaintiff's property taxes increased in the form of a Wells Fargo Home Mortgage escrow account disclosure statement and notice of new mortgage payment dated January 9, 2013. As of the date of receipt, Plaintiff had actual knowledge that its assessment increased as a result of Defendant's action or determination. The Wells Fargo Home Mortgage escrow account disclosure statement received by Plaintiff was Plaintiff's receipt of its "annual tax bill." *Adair* at 313. Even though Plaintiff had actual notice

in January, 2013, of an "unexpectedly large increase" in its property taxes (the assessment), Plaintiff did not contact Defendant until "on or about May 10th." (Ptf's ltr at 1, Oct 29, 2013.) Plaintiff did not file its appeal until June 11, 2013, a period of more than 90 days after receipt of actual notice of Defendant's action or determination. Plaintiff's Complaint was not filed within the applicable time limits stated in ORS 305.275 and ORS 305.280. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

IT IS FURTHER DECIDED that Defendant's Motion to Dismiss, filed July 29, 2013, is granted.

Dated this ___ day of November 2013.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on November 25, 2013. The court filed and entered this document on November 25, 2013.*

FINAL DECISION  TC-MD 130385D                                                   7