Marilyn E. ADAIR,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant,*
*and*

MULTNOMAH COUNTY,
*Intervenor-Defendant.*

(TC 4632)

Marilyn E. Adair, Plaintiff (taxpayer), filed a response *pro se.*

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, filed a motion to dismiss for Defendant (the department).

John S. Thomas, Multnomah County Assistant County Counsel, Portland, filed the Motion to Dismiss for Intervenor-Defendant.

Decision for Defendant and Intervenor-Defendant rendered January 29, 2004.

## HENRY C. BREITHAUPT, Judge.

### I. INTRODUCTION

This matter is before the court on a Motion to Dismiss filed by Intervenor-Defendant Multnomah County (the county). The county moves to dismiss the Complaint of Plaintiff (taxpayer) on the grounds that it was not filed in this court within the time allowed by statute.

### II. FACTS

The county made an omitted property assessment in respect of property owned by taxpayer. The parties agree that the notice required by ORS 311.219[1] (the 20-day notice) was sent by the county and received by taxpayer. Taxpayer then met with a representative of the county. Following that, the county corrected the roll by adding to it the property in question. The county sent a notice of that action as required by ORS 311.223(2). That notice was returned to the county as unclaimed. Because taxpayer was away from Portland on a vacation, she apparently did not receive the ORS 311.223(2) notice and did not file in this court within the time permitted by ORS 311.223(4).[2]

### III. ISSUE

Must taxpayer's Complaint be dismissed as untimely filed?

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2001.

[2] One element of delay for taxpayer was that following receipt of her tax bill, she took her first appeal to the county board of property tax appeals (BOPTA). However, appeals as to omitted property assessments may *not* be made to a BOPTA. ORS 311.223(4).

## IV. ANALYSIS

■ In this matter, the county did what it was required to do by statute. Taxpayer's absence from Portland resulted in her not receiving a properly sent notice.

■ The outcome here is dictated by statute. The county did all that the statutes required of it. The statutes create a gap into which some taxpayers or property may fall if mailings are properly made but not received. The burden of avoiding that result has been placed on taxpayer in the property tax system.

In this case, taxpayer was aware of the fact that the county was inclined to find omitted property. Notice of that was received and a conference followed. Although the statutory provisions can in some cases be harsh, here the statutory result is less harsh as taxpayer knew that something was afoot and could have inquired as to county action promptly after her return to Portland. Such an inquiry would have resulted in knowledge of county action within the time to file an appeal.

■■ ORS 311.223(4) relates to omitted property assessments and requires that a person may appeal to this court within 90 days after the correction of the roll. Even if that route of appeal is not exclusive, the other statutes on appeals and time limits thereon, ORS 305.275 and ORS 305.280, require that appeals be made within 90 days of a taxpayer's actual knowledge of an adverse act, but in no event later than one year from the adverse act. Here, the adverse act was the addition of the property to the assessment roll. Even if taxpayer did not receive mailed notice of that event, she did receive actual notice of it no later than the receipt of the annual tax bill in due course in October or November of 2002. Her appeal here was not made within 90 days of receipt of the tax bill.

## V. CONCLUSION

Taxpayer's Complaint was untimely and must be dismissed. The county's Motion to Dismiss should be granted. Now, therefore,

IT IS ORDERED that Intervenor-Defendant's Motion to Dismiss is granted, and

IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed.