DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss (motion), filed with its Answer on June 8, 2011. Defendant requests that this appeal be dismissed because it was not timely filed under ORS 311.223(4). (Def s Ans.) As additional support for its motion, Defendant cites Adair v. Dept. of Rev. (Adair),17 OTR 311 (2004). (Id)
Plaintiffs filed their Complaint on April 25, 2011, [1]
challenging Defendant's omitted property assessment for tax years 2003-04 through 2008-09. Defendant's omitted property tax notice (notice) is dated September 17, 2009. (Ptfs' Compl at 5.) A case management conference was held on July 18, 2011, during which the parties discussed Defendant's motion and agreed to a schedule by which to file additional written arguments.
Plaintiffs filed a letter on August 17, 2011, stating that
 "[although Jackson County has committed to reversing its erroneous retroactive reassessment of the aviary building, it is clear to me after the telephone hearing in July that there will be no return of the six years of erroneous added tax I have been charged and paid ($1,596.05).
 "* * * * * *Page 2 
 "If there is another level in the appeal process I will pursue it in the near future. For now, however, I can only reiterate my original — and apparently futile — appeal.
 "A last observation I have on this matter is simply this: How very convenient it is for the county and state to restrict the tax payer to a 90-day "statute of limitations' on its property tax appeal process (when they can go back six years and make erroneous changes) and to also have no system of effecting an ethical correction."
Defendant filed a response on August 26, 2011, stating that "[a]fter reading the Plaintiff[s'] arguments [Defendant] request[s] that the Complaint be dismissed because Plaintiff[s] did not appeal timely."
ORS 311.223(2) requires the county assessor to "notify the taxpayer by written notice" of the omitted property assessment "[i]mmediately after the assessor corrects the assessment or tax roll."[2] ORS 311.223(4) states, in pertinent part, that "[a]ny person aggrieved by an assessment made under ORS 311.216 to 311.232 may appeal to the tax court within 90 daysafter the correction of the roll as provided in ORS 305.280 and 305.560." (Emphasis added.)
In Adair, this court considered whether a taxpayer's complaint must be dismissed for failure to appeal within 90 days as required by ORS 311.223(4) when the taxpayer did not receive the county assessor's notice because she "was away from Portland on a vacation[.]" Adair, 17 OTR at 312. The court dismissed the taxpayer's appeal as untimely, explaining:
 "ORS 311.223(4) relates to omitted property assessments and requires that a person may appeal to this court within 90 days after the correction of the roll. Even if that route of appeal is not exclusive, the other statutes on appeals and time limits thereon, ORS 305.275 and ORS 305.280, require that appeals be made within 90 days of a taxpayer's actual knowledge of an adverse act, but in no event later than one year from the adverse act."
Id. at 313. *Page 3 
Defendant's notice was dated September 17, 2009. Plaintiffs' Complaint was not filed until late April 2011. Plaintiffs failed to timely file within the 90 days required by ORS 311.223(4). Plaintiffs did not allege facts indicating Defendant's omitted property assessment did not become known to them until a later date. Even if that were the case, Plaintiffs' appeal was not filed within one year of the notice date, as required under ORS 305.280(1). The court is not aware of any circumstances that provide the court with jurisdiction to consider Plaintiffs' appeal. Defendant's motion must be granted. Plaintiffs' Complaint is hereby dismissed.
In their Complaint, Plaintiffs state that they "feel the $75 fee should also be waived." (Ptfs' Compl at 3.) ORS 305.490(1) states that "[p]laintiffs or petitioners filing a complaint or petition in the tax court shall pay a filing fee at the time of filing for each complaint or petition[.]" Taxpayers may file an Application for Waiver of Court Fees and Costs (Application) along with an Affidavit of Income, Assets, and Expenses in Support of Application for Waiver of Court Fees and Costs (Affidavit) at the time of filing a complaint. There is no provision in the statutes or court rules for a refund of that fee. Plaintiffs did not file an Application with supporting Affidavit at the time of filing their Complaint. Accordingly, Plaintiffs' request must be denied. Now, therefore, *Page 4 
IT IS DECIDED that Defendant's motion is granted and this matter is dismissed; and IT IS FURTHER DECIDED that Plaintiffs' request for a waiver or refund of the $75 fee is denied.
Dated this ____ day of September 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on September 29, 2011. The Court filed and entered thisdocument on September 29, 2011.
[1] Plaintiffs' Complaint was postmarked on April 22, 2011.
[2] All references to the Oregon Revised Statutes (ORS) are to 2009. *Page 1