IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

D. ANSON BERG,                          )
                                        )
           Plaintiff,                   )   TC-MD 120717N
                                        )
      v.                                )
                                        )
LANE COUNTY ASSESSOR,                   )
                                        )
           Defendant.                   )   **DECISION OF DISMISSAL**

This matter is before the court on Defendant's Motion to Dismiss (Motion) on the ground

that Plaintiff failed to appeal within the 90 days required by ORS 311.223[1] and ORS 305.280.

Plaintiff challenges Defendant's Notice of Intention to Add Tax Due to Omitted Property

(omitted property notice), dated April 26, 2012, assessing additional taxes under ORS 311.216.

(Ptf's Compl at 2-3.)  Plaintiff's Complaint to this court was postmarked on August 10, 2012.

ORS 311.223(4) states: "Any person aggrieved by an assessment made under ORS 311.216 to

311.232 may appeal to the tax court within 90 days after the correction of the roll as provided

ORS 305.280 and 305.560."  As stated in Defendant's Motion, "the allowable 90 day appeal

period [] ended on or about July 25, 2012."  (Def's Mot at 1.)  Thus, Plaintiff's appeal was not

filed within the time allowed under ORS 311.223(4).  *See Adair v. Dept. of Rev.*, 17 OTR 311,

313 (2004) ("ORS 311.223(4) relates to omitted property assessments and requires that a person

may appeal to this court within 90 days after the correction of the roll").

In his Complaint, Plaintiff also challenges Defendant's disqualification of property

identified as Account 0557098 from forestland special assessment.  (Ptf's Compl at 9 (stating

that Defendant "wrongfully declassified" Account 0557098 from "Forest Deferral").)  However,

---

[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2011.

Plaintiff did not attach the notice from which he appeals as required by Tax Court Rule-Magistrate Division (TCR-MD) 1 B. During the case management conference held in this matter on September 11, 2012, the court inquired about the notice of disqualification from forestland special assessment. Plaintiff stated that he did not possess the notice. Defendant filed a letter stating that it sent a notice to Plaintiff on August 9, 2011, stating that 3.00 acres of Account 0557098 had been disqualified from "Designated Forestland special assessment * * * because it is now used for home site purposes[.]" (Def's Ltr at 1, Oct 12, 2012.) Defendant provided a copy of the August 9, 2011, disqualification notice. (*Id.* at 3.) Plaintiff's Complaint was filed well beyond the 90 days allowed for appeal of Defendant's disqualification of 3.00 acres of Account 0557098 from forestland special assessment. ORS 305.280(1) (2009).

Plaintiff acknowledges that he did not timely file his appeal of the omitted property notice, but argues that the court should nevertheless allow his appeal. First, Plaintiff asserts that his appeal was untimely "because of [his] son's emergency hospitalization, surgery, and subsequent care required (there was no one else to do it)." (Ptf's Ltr at 1, Sep 24, 2012.) Although the court sympathizes with Plaintiff, the court is not aware of an exception for hardship or otherwise to the 90 day time for appeal under ORS 311.223(4) and ORS 305.280(1).

Second, Plaintiff suggests that ORS 305.280(1) may extend his time to appeal the omitted property notice. (Ptf's Ltr at 1, Sep 24, 2012.) ORS 305.280(1) states, in pertinent part: "Except as otherwise provided in this section, an appeal under ORS 305.275 (1) or (2) shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or determination has been made." Thus, in certain circumstances, ORS 305.280(1) extends the time for to file an appeal to "90 days after the act, omission, order or determination becomes actually

known to the person." Here, Defendant sent the omitted property notice to Plaintiff on April 26, 2012. There is no evidence that the omitted property notice was invalid under ORS 311.223 or that Plaintiff did not receive the notice. As a result, ORS 305.280(1) does not extend Plaintiff's time to appeal beyond the 90 days allowed under ORS 311.223(4).

Finally, Plaintiff challenges Defendant's Motion, asserting that Defendant's waived its affirmative defense based on the timeliness of Plaintiff's appeal because Defendant filed an Answer "without referring to a defense of untimely filing * * *." (Ptf's Ltr at 1, Sep 24, 2012.) TCR-MD 4 A requires the defendant to "respond to the complaint by answer or motion within 30 days from the date the complaint was served on the defendant." The response is "usually titled Answer or Motion to Dismiss[.]" TCR-MD 4 A. The response "shall contain * * * a brief response to the claims raised in the complaint. A statement that plaintiff failed to timely file an appeal *must* be made in defendant's *first filed* pleading, *e.g.*, Motion to Dismiss or Answer." TCR-MD 4 B (emphasis added). Similarly, TCR 21 G(2) states, in part:

> "A defense * * * that the action has not been commenced within the time limited by statute is waived if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof. Leave of court to amend a pleading to assert the defenses referred to in this subsection shall only be granted upon a showing by the party seeking to amend that such party did not know and reasonably could not have known of the existence of the defense or that other circumstances made denial of leave to amend unjust."

On August 27, 2012, Defendant filed both an Answer and the Motion, discussed above.[2] The Certificates of Service included with the Answer and Motion certify that Defendant served both the Answer and Motion on Plaintiff on August 24, 2012. Defendant's Answer and Motion were received simultaneously by the court; thus, it is unclear which was "first filed." TCR-MD 4 B. Because Defendant's Motion was received at the same time as its Answer, Defendant did not

---

[2] Both the Answer and the Motion were time-stamped at 11:50 a.m. at the court.

waive its defense that Plaintiff's Complaint was untimely. As discussed above, Plaintiff's appeal was not timely filed under ORS 311.223(4) and ORS 305.280(1) and Defendant's Motion must be granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted. The Complaint is dismissed.

Dated this ___ day of October 2012.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision of Dismissal was signed by Magistrate Allison R. Boomer on October 26, 2012. The Court filed and entered this Decision of Dismissal on October 26, 2012.*