IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| SUNRISE VENTURE PROPERTIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 130041N |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **DECISION OF DISMISSAL** |

This matter is before the court on Defendant's motion to dismiss (motion), filed with its

Answer on March 7, 2013.  A case management conference was held March 25, 2013, during

which the parties discussed Defendant's motion.  Plaintiff's authorized representative, Rosemarie

Winters (Winters), appeared on behalf of Plaintiff.  The parties filed written arguments on

Defendant's motion.  This matter is now ready for the court's determination.

Plaintiff filed its Complaint on February 5, 2013,[1] requesting that property identified as

Account R691111 (subject property) receive property tax exemption "for the 2009 through 2013

tax years."  (Ptf's Compl at 1.)  Plaintiff attached its property tax statement for the subject

property for the 2012-13 tax year.  (*Id.* at 3.)  Plaintiff subsequently clarified that it does not

assert that Plaintiff is entitled to exemption from property taxation, but rather asserts that the

subject property was leased to "exempt entities, Grace & Truth [Bible] Church and Heritage

Christian School * * * on July 1, 2009."  (Ptf's Resp, Apr 5, 2013.)  Plaintiff stated that the

subject property was leased to new tenants as of August 1, 2009, and December 1, 2009.  (*Id.*)

Defendant filed its motion on March 7, 2013, requesting dismissal of Plaintiff's

Complaint because it sent a corrected "notice of additional taxes" to Plaintiff on August 30,

_____

[1] When a complaint filed with this court is "[t]ransmitted through the United States mail," it is filed "on the date shown by the post-office cancellation mark stamped upon the envelope containing it."  ORS 305.418(1) (2011).

2012, and Plaintiff's time to appeal that notice "expired 90 days after that date; November 30, 2012[.]" (Def's Ans at 1.) Defendant noted that the 2012-13 property tax statement for the subject property "includ[ed] the additional taxes * * *." (*Id.*; *see also* Ptf's Compl at 3 (stating "additional taxes" for "09/10," "10/11," and "11/12").)

## I. STATEMENT OF FACTS

During the 2008-09 tax year, the subject property was leased by Plaintiff to Heritage Christian School, which used half of the subject property for a school and subleased the other half to Grace & Truth Bible Church. (Def's Reply at 1, May 8, 2013.) The subject property was exempt from property taxation during the 2008-09 tax year. (*Id.*) In November 2011, Defendant

> "received new information indicating that [Heritage Christian School] discontinued educational services and vacated the subject property in June 2009. The School had not informed [Defendant] of the change of use at the subject property, so [Defendant] sent [] Plaintiff Notice of Intent letters on November 21, 2011[,] to add omitted taxes for Tax Years 2009/10, 2010/11, and 2011/12. In the Notice, [Defendant] requested [P]laintiff participate in a hearing on December 14, 2011 to show cause why [Defendant] should not proceed with adding the additional taxes for [tax years 2009/10, 2010/11 and 2011/12] to the Tax Roll. [] Plaintiff did not respond to [Defendant]."

(*Id.*) Defendant reported that it "disqualified the 2009/10, 2010/11 and 2011/12 exemptions for both [Heritage Christian School and Grace & Truth Bible Church] due to change of use [and] added the omitted tax to the Tax Roll on December 20, 2011 * * *." (*Id.*) Defendant "notified [] Plaintiff that the subject property exemptions were disqualified * * * and the additional taxes for those [tax] years were added to the Tax Roll and [would] become due and payable on November 15, 2012." (*Id.*)

On April 27, 2012, Plaintiff's lessees, Carden Cascade Academy (Academy) and New Creation Church (Church) "late filed" exemption applications for the subject property for the 2010-11, 2011-12, and 2012-13 tax years. (Def's Reply at 2, May 9, 2013.) Defendant sent a

letter on July 26, 2012, denying the Academy's application for "approximately 50% of the subject property" for "all three tax years." (*Id.*) On July 17, 2012, Defendant denied the Church's application for the 2010-11 tax year, based on Defendant's determination that it "did not have the authority to consider the 2010/11 Tax Year due to the date of the application * * *." (*Id.*) On August 20, 2012, Defendant granted the Church's application for the 2011-12 and 2012-13 tax years. (*Id.*) No appeal was taken by either the Academy or the Church. (*Id.*) On August 30, 2012, Defendant issued a "corrected" omitted property notice, reflecting the exemption granted to the Church for 50 percent of the subject property for the 2011-12 tax year. (*See* Def's Ans at Ex A (August 30, 2012, notice stamped with "corrected statement").)

Plaintiff disagrees that Heritage Christian School and Grace & Truth Bible Church vacated the subject property in June 2009, as reported by Defendant. (Ptf's Written Resp, Apr 5, 2013.) Plaintiff stated that "Grace & Truth [Bible] Church and Heritage Christian School, were in possession of the premises on July 1, 2009. Both tenants were responsible for their leases until the new tenants' leases originated, December 1, 2009[,] and August 1, 2009, respectively." (*Id.*) Plaintiff argues that Defendant erroneously removed the subject property exemption for the 2009-10 tax year and requests abatement of the additional property taxes assessed for the 2009-10 tax year. (*Id.*) Plaintiff disagrees that it "did not timely respond to Defendant's August 30, 2012[,] notice citing ORS 305.275 and ORS 305.280. This notice was never received by Plaintiff. * * * This letter became known to Plaintiff on January 25, 2013." (*Id.*) Plaintiff asserts that the "actual known date of the August 30, 2012[,] notice was January 25, 2013." (*Id.*)

## II. ANALYSIS

The issue before the court is whether Plaintiff's Complaint must be dismissed as untimely, as requested in Defendant's motion to dismiss.

A.    *Claim for property tax exemption for the 2010-11 through 2012-13 tax years*

In its Complaint, Plaintiff stated its requested relief is "Change Property to an Exempt status and eliminate the property taxes for the 2009 through 2013 tax years." (Ptf's Compl at 1.) As clarified during the March 25, 2013, case management conference and in subsequent written arguments, Plaintiff does not assert that it is entitled to property tax exemption. (*See* Ptf's Resp, Apr 5, 2013.) Rather, Plaintiff asserts that its lessees during the 2009-10 through 2012-13 tax years were and are entitled to property tax exemption. None of Plaintiff's lessees during the 2009-10 through 2012-13 tax years are parties to this appeal.

Defendant stated that the Academy and the Church filed late applications for property tax exemption in April 2012 and Defendant issued determination letters to the Academy and the Church in July and August 2012. Neither the Academy nor the Church appealed Defendant's determinations. The court cannot review those determinations as part of this appeal.

B.    *Omitted property assessment*

Defendant stated that Heritage Christian School and Grace & Truth Bible Church received property tax exemptions for their use of the subject property during the 2008-09 tax year. Defendant stated that, upon discovery in 2011 that Heritage Christian School and Grace & Truth Bible Church no longer occupied the subject property, Defendant removed the subject property tax exemption and issued to Plaintiff a Notice of Intent to Add Omitted Property on November 21, 2011. Defendant reported that Plaintiff failed to appear at the "show cause" hearing scheduled December 14, 2011. Having received no response from Plaintiff, Defendant "added the omitted tax to the Tax Roll on December 20, 2011." The court did not receive a copy of Defendant's November 21, 2011, notice or of Defendant's December 20, 2011, notice. It is unclear whether Plaintiff received a copy of either notice.

Under ORS 311.223(4),[2] "[a]ny person aggrieved by an [omitted property] assessment made under ORS 311.216 to 311.232 may appeal to the tax court within 90 days after the correction of the roll as provided in ORS 305.280 and 305.560." ORS 305.280(1) provides, in pertinent part:

> "an appeal * * * shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, *but in no event later than one year after the act or omission has occurred, or the order or determination has been made*."

(Emphasis added.) Plaintiff's Complaint was filed February 5, 2013, more than one year after Defendant sent notice of the omitted property assessment. To the extent that Plaintiff challenges Defendant's notice of omitted property, issued in December 2011, Plaintiff's appeal is untimely under ORS 305.280(1) because its Complaint was filed more than one year after Defendant sent notice and added omitted property to the tax rolls.

C.     *Corrected notice of omitted property assessment*

On August 30, 2012, Defendant issued to Plaintiff a "corrected" notice of omitted property assessment stating that the tax roll was corrected and additional taxes were assessed for the 2009-10 through 2011-12 tax years. (Def's Ans at Ex A.) As discussed above, ORS 305.280(1) provides the applicable time for Plaintiff's appeal of Defendant's corrected notice of omitted property assessment. Under ORS 305.280(1), Plaintiff's appeal must have been filed within 90 days from the date Defendant's corrected notice of assessment became "actually known" to Plaintiff. ORS 305.280(1).

Plaintiff's authorized representative, Winters, stated that Plaintiff did not receive the corrected omitted property notice until January 25, 2013. Plaintiff argues, therefore, that the assessment did not become "actually known" to Plaintiff until January 2013. Defendant notes in

---

[2] All references to the Oregon Revised Statutes (ORS) are to 2011.

response that Plaintiff received a 2012-13 property tax statement for the subject property, which included a statement of additional taxes assessed for the 2009-10 through 2011-12 tax years. Thus, Defendant argues that Plaintiff had actual knowledge of the omitted property assessment no later than October or November 2012 when it received its 2012-13 property tax statement.

Plaintiff attached a copy of its 2012-13 property tax statement for the subject property to its Complaint. Plaintiff did not allege that it did not receive its 2012-13 property tax statement. Plaintiff offered no evidence of the date that it received its 2012-13 property tax statement. Property tax statements are mailed in October each year. ORS 311.250(1). Even if Plaintiff did not receive the August 30, 2012, corrected omitted property notice until January 2013, Plaintiff received actual notice that additional taxes had been assessed in October or November 2012 when Plaintiff received the 2012-13 property tax statement for the subject property. *See Adair v. Dept. of Rev.*, 17 OTR 311, 313 (2004) ("[e]ven if taxpayer did not receive mailed notice of [the omitted property assessment], she did receive actual notice of it no later than the receipt of the annual tax bill in due course in October or November").

Plaintiff's Complaint was filed February 5, 2013. If Plaintiff received the 2012-13 property tax statement for the subject property prior to November 7, 2012, then Plaintiff's appeal was not filed within 90 days of the date that Defendant's corrected assessment became "actually known" to Plaintiff. The court received no evidence of the date that Plaintiff received the 2012-13 property tax statement for the subject property. Because property tax statements must be mailed in October, it is likely that Plaintiff received its 2012-13 property tax statement for the subject property on or before November 7, 2012. Plaintiff's Complaint was not filed within 90 days of the date of Defendant's August 30, 2012, corrected omitted property notice. Plaintiff has failed to establish that its Complaint was filed within 90 days of the date that it received the

2012-13 property tax statement for the subject property. To the extent that Plaintiff challenges Defendant's corrected notice of omitted property assessment, Plaintiff's appeal is untimely.

III. CONCLUSION

After careful consideration, the court finds that Defendant's motion to dismiss must be granted. Plaintiff's Complaint was filed over one year after Defendant issued its notice of omitted property assessment. Thus, Plaintiff's challenge to Defendant's original notice of omitted property assessment is untimely under ORS 305.280(1). Plaintiff's Complaint was filed more than 90 days after Defendant issued its corrected notice of omitted property assessment. Plaintiff failed to establish that its Complaint was filed within 90 days of the date that Defendant's corrected assessment became "actually known" to Plaintiff. Thus, Plaintiff's challenge to Defendant's corrected notice of omitted property assessment was not timely filed under ORS 305.280(1). Defendant's motion must be granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted. Plaintiff's Complaint is dismissed.

Dated this ____ day of June 2013.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Magistrate Allison R. Boomer on June 7, 2013. The court filed and entered this Decision on June 7, 2013.*