IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

DANIEL E. HUGHES,              )
                                        )
        Plaintiff,           )    TC-MD 170375R
                                          )
        v.                   )
                                          )
TILLAMOOK COUNTY ASSESSOR,    )
                                          )
        Defendant.      )    **FINAL DECISION OF DISMISSAL**[1]

This matter came before the court on Defendant's Answer, moving to dismiss Plaintiff's

Complaint on the ground that Plaintiff failed to appeal within the 90 days required by ORS

311.223(4).

## I. STATEMENT OF FACTS

On May 30, 2013, a "statutory bargain and sale deed" was recorded in Defendant's office

naming Plaintiff as Grantee. (Def's Supp, Ex B-2.) The deed contained an incorrect mailing

address for Plaintiff; 19508 Rose Road (incorrect address) was listed on the deed whereas

Plaintiff's actual mailing address was 19058 Rose Road. Defendant used the incorrect address

listed on the deed to send notices and tax statements for the subject property during all of the

relevant time periods at issue. Plaintiff owns other properties in Defendant's county and the

mailing addresses for those other accounts are correct. (Ptf's Supp Resp, Decl of Hughes at 1.)

On May 19, 2017, Defendant mailed a letter notifying Plaintiff of a potential increase in

value of the subject property for omitted property. (Def's Supp, Ex A-1.) The letter identifies

/ / /

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered April 6, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

corrections and additions of value for the 2011-12 through 2016-17 tax years. (Id.) The letter states:

> "Please take notice that you are hereby requested to appear at the office of the undersigned ON OR BEFORE 06/08/2017 BY 1:30 PM, either in person, by telephone, or by mail to show cause, if any, why the correction should not be done. Failure to show cause by the time and place specified will result in said property being added to the roll for the FOLLOWING TAX YEAR of 2017/18."

(Id. at A-2 (emphasis in original).) The notice was mailed to the incorrect address.

Defendant had multiple conversations with Plaintiff about the omitted property issue and had requested an interior inspection, which was refused. (Def's Supp, Decl of Fletcher.) Defendant also spoke with Plaintiff's tax representative, Steve Townsend, regarding the omitted property. On June 7, 2017, Ms. Fletcher left a voicemail for Mr. Townsend stating that Defendant "would be adding the omitted property the following day" and that Plaintiff would have to appeal to the Magistrate Division if he opposed Defendant's act. (Id.)

On June 8, 2017, Defendant mailed a letter stating Defendant has added to the assessment of the subject property the corrections identified in its May 19, 2017, letter. (Def's Supp, Ex A-3, 4.) The letter states: "If you disagree with the amount of the assessment, you have the right to appeal to the Magistrate Division of the Oregon Tax Court within 90 days after the correction to the tax roll was made." (Id.) The letter further states "If you decide not to appeal to the Magistrate Division, you will have no other appeal opportunities." The letter was sent certified to the incorrect address. County records do not show any of its mailings to Plaintiff were returned by the Postal Service. (Def's Supp, Decl of Gollon.)

Plaintiff filed the Complaint in this case on December 8, 2017, stating Defendant's action was in error because "omitted property valuation incorrect or unlawfully imposed tax and penalty regarding same." Plaintiff requested the following relief: "correction valuation, tax,

penalty. Real Market Value less than [$]231,550 01/01/17." Attached to the Complaint was a copy of the Real Property Tax Statement for the subject property for the period July 1, 2017 to June 30, 2018. Pursuant to a request from the court, Plaintiff subsequently filed a copy of Defendant's Omitted Assessment notice dated June 8, 2017.

## II. ANALYSIS

Defendant moves to dismiss Plaintiff's Complaint as untimely. For appeals of omitted property notices ORS 311.223(4)[2] provides "[a]ny person aggrieved by an assessment made under ORS 311.216 to 311.232 may appeal to the tax court within 90 days after the correction of the roll as provided in ORS 305.280 and 305.560." Here, Defendant corrected the rolls on June 8, 2017. Plaintiffs did not file his complaint until December 8, 2017, which is more than 90 days after Defendant corrected the rolls.

Plaintiff asserts that he did not receive the June 8, 2017, omitted property notice because it was mailed to an incorrect address. Thus, Plaintiff argues that it would be a violation of his Due Process rights to dismiss this appeal. The court disagrees for several reasons: first, Defendant did everything it was required to do by statute; second, actual notice is not required by statute; and third, while the result is harsh, that does not necessarily mean it violates Plaintiff's Due Process rights.

Defendant was required by statute to follow certain procedures in assessing omitted property. ORS 311.216(1) requires an assessor to send notice when there is reason to believe that any property has been omitted from the tax rolls. ORS 311.219 requires the notice to be in writing "mailed to the person's last-known address * * * and require the person to appear at a specified time, not less than 20 days after mailing the notice, and to show case, if any, why the

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

property should not be added to the assessment and tax roll and assessed to such person." ORS 311.223(1) provides "[i]f the person or party notified as provided in ORS 311.219 does not appear or if the person or party appears and fails to show good and sufficient cause why the assessment shall not be made, the assessor shall proceed to correct the assessment * * *." After correcting the tax rolls, the assessor must "notify the taxpayer by written notice, sent by first class mail to the taxpayer's last-known address * * * the date and amount of the correction * * * the amount of the penalty * * * [a]n explanation of the collection procedures * * * and [a]n explanation of the taxpayer's right to appeal under subsection (4) of this section * * *." ORS 311.223(2). Defendant followed the statutory requirements and did everything it was supposed to do.

ORS 311.223(4) provides that a person aggrieved by an assessment for omitted property may appeal to the tax court within 90 days after the correction of the roll. Plaintiff asserts that he did not receive actual notice of the correction. But, the statute does not require actual notice. If the Legislature wanted to require actual notice, it could have done so. For example, ORS 305.280 provides that "an appeal under ORS 305.275(1) or (2) shall be filed within 90 days after the act, omission, order or determination **becomes actually known to the person**, but in no event later than one year after the act or omission has occurred * * *." [emphasis added] The Legislature did not include a provision requiring actual notice to the taxpayer for omitted property. Rather, it requires certified mail be used. It would be improper for the court to add language to a statute to alleviate a harsh result.

Plaintiff asserts that Defendant did not send that notice to him at the last-known address because he had other properties located in Defendant's county which had his correct mailing address. Plaintiff argues that Plaintiff should have known the address was incorrect. Thus,

Plaintiff argues that Defendant's notice violated his due process rights contained in "the 14[th] Amendment to the U.S. Constitution, i.e., notice and opportunity to be heard when the government seeks to deprive one of a liberty or property interest." (Ptf's Supp Resp at 2.) Plaintiff contends that dismissing his complaint because of a typographical error in his deed "is harsh and constitutionally questionable." The court agrees that the result is harsh. However, there is a close court precedent for such a result. In *Adair v. Dept. of Rev.*, 17 OTR 311 (2004), the court dismissed an untimely appeal of an omitted property assessment. In that case, the county mailed a notice as required but it was returned as unclaimed because the taxpayer was away on vacation. *Id*. at 312. The court made several observations. First,

> "[T]he outcome here is dictated by statute. The county did all that the statutes required of it. The statutes create a gap into which some taxpayers or property may fall if mailings are properly made but not received. The burden of avoiding that result has been placed on taxpayer in the property tax system."

*Id*. at 313. Second,

> "taxpayer was aware of the fact that the county was inclined to find omitted property. Notice of that was received and a conference followed. Although the statutory provisions can in some cases be harsh, here the statutory result is less harsh as taxpayer knew that something was afoot and could have inquired as to county action promptly after her return to Portland. Such an inquiry would have resulted in knowledge of county action within the time to file an appeal."

*Id*.

The facts and reasoning in *Adair* case are very similar to the instant case. Here, the reason for incorrect last-known address was a deed filed and received by Defendant years earlier. The burden of avoiding that error rests squarely on Plaintiff. Plaintiff in this case was also on notice that Defendant was about to make an assessment because he had received other notices and had engaged in discussions with county representatives on the issue.

/ / /

III.  CONCLUSION

After careful consideration of the pleadings, documentation, and declarations filed in support and in opposition to the Motion to Dismiss, the court finds that Defendant's position is correct.  However, in reviewing the pleadings it appears that Plaintiff may have had a second basis in its complaint; Plaintiff may have been also requesting for an adjustment to the real market value for the 2017-18 tax year.  The Complaint is less than clear and does not assert a requested real market value. (*See* Tax Court Rule-Magistrate Division (TCR-MD) 1 B(1)(d) - "For cases involving property valuation, the complaint must state the real market value requested for each tax account and for each tax year at issue.")  The parties did not address that issue.  The court was inclined to grant Plaintiff leave to amend its complaint to include the 2017-18 tax year, however, because Plaintiff has filed a separate appeal of the 2017-18 real market value the court finds that this appeal should be dismissed. [3]  Now, therefore,

IT IS THE DECISION OF THE COURT that Defendant's Motion to Dismiss is granted. Plaintiff's appeal is dismissed.

Dated this ____ day of April 2018.

_____
RICHARD DAVIS
MAGISTRATE

***If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.***

---

[3] *See Hughes v. Tillamook County Assessor*, TC-MD 180107R, filed on April 2, 2018.

*This document was signed by Magistrate Richard Davis and entered on April 24, 2018.*