IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| DANE B. KJORNES, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 220488R |
| | ) | |
| v. | ) | |
| | ) | |
| COLUMBIA COUNTY ASSESSOR, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Defendant. | ) | **MOTION TO DISMISS** |

This matter is before the court on Defendant's Motion to Dismiss (Motion) filed January 20, 2023. On February 9, 2023, a case management conference was held, during which the parties agreed that Plaintiff would file a response to Defendant's Motion by February 24, 2023, and Defendant may file a reply by March 10, 2023. That briefing schedule was memorialized in a Journal Entry entered by the court on February 9, 2023. As of the date of this Order, Plaintiff has not filed a response to Defendant's Motion. On March 6, 2023, Defendant filed its Reply, reiterating its "timeline of events." (*See* Reply at 1.)

## I. STATEMENT OF FACTS

On June 10, 2022, Defendant mailed a notice (Notice) to Plaintiff's home address, by certified mail, disqualifying Plaintiff's property from forestland special assessment. The Notice stated the reason for disqualification was "the land does not meet stocking requirements, ORS 321.359(1)(b)(C)." The Notice was returned to Defendant by the U.S. Postal Service as "unclaimed" on July 8, 2022. On December 8, 2022, Defendant received a call from Plaintiff in which Plaintiff stated he was unaware of the disqualification until it was brought to his attention by his lender while attempting to obtain a construction loan. Plaintiff's Complaint to this court was filed on December 30, 2022.

## II. ANALYSIS

The issue is whether Plaintiff timely filed its appeal under ORS 305.280(1).[1] In ruling on Defendant's Motion, the court must consider "the facts alleged in the complaint, accepting those facts as true[.]" *Douglas Cty. v. Smith*, 18 OTR 450, 453 (2006). ORS 308A.718 requires county assessors to send notices, if land is disqualified from certain special assessment programs, within 30 days of the disqualification. *See* ORS 308A.718(1), (3). "Following receipt of the notification, the taxpayer may appeal the assessor's determination to the Oregon Tax Court within the time and in the manner provided in ORS 305.404 to 305.560." ORS 308A.718(4). Those ORS sections generally describe the jurisdiction and generalized procedures of the Tax Court. ORS 305.280(1) provides the deadline to appeal in this case, which is as follows: "90 days after the act, omission, order or determination *becomes actually known to the person*, but in no event later than one year after the act or omission has occurred, or the order of determination has been made." (Emphasis added).

Defendant bases its Motion on the language contained in its own Notice, which states that appeals to the Tax Court "shall be filed within 90 days after the date of the notice." (*See* Mot at 2.) Defendant's language is an incomplete statement of ORS 305.280(1) because it ignores the knowledge component.

In addition, Defendant cites a quote from this court's decision in *Hilvas Trust & Net Charge Corporation v. Marion County Assessor*, TC-MD 210028R, WL 122748 at *4 (Or Tax M Div January 13, 2022): "Defendant is not required to take additional steps with its notice when it is returned by the Postal Service or provide Plaintiff with actual notice of disqualification." (*See* Reply at 2.) While that statement is an accurate quotation from *Hilvas*,

---

[1] References to the Oregon Revised Statutes are to the 2021 version.

the context was different. In *Hilvas,* the taxpayer challenged whether the notice of disqualification was defective and thus void because it had been returned by the Postal Service as undeliverable. *Id.* at *2. The issue in *Hilvas* was not whether the appeal was timely. Rather, the issue was whether the county assessor gave sufficient and proper notice to disqualify the subject property from forestland special assessment. *Id.*

*Hilvas* relied on *Adair v. Department of Revenue,* 17 OTR 311 (2004). In *Adair,* a county mailed an omitted property notice via certified mail, but it was returned as unclaimed because the taxpayer was away on vacation. *Id.* at 312. *Adair* can be distinguished because there, the taxpayer received actual notice of the county's action by "receipt of the annual tax bill[,]" triggering the start of the 90-day limitations period, which the taxpayer still failed to file her complaint within. *Id.* at 313.

In *Clackamas County Assessor v. Crew,* 21 OTR 362, WL 704379 (2014), the taxpayer had his mail held by another person while he was away for an extended period of time. The taxpayer opened the disqualification notice more than 90 days after the county assessor had mailed it and thereafter appealed the disqualification to the tax court. *Id.* at *1. The court stated:

> "The county argues that statutory presumptions apply and require the conclusion that taxpayer received the notices in question more than 90 days before the filing of the complaint in the Magistrate Division. That argument would be persuasive if the statute governing appeal in this case measured the 90–day period from the date of receipt of the notices. However, it does not. Rather, the time period for appeal runs from the date the action complained of becomes actually known to the taxpayer."

*Id.* at *2 (footnote omitted).

Plaintiff alleges in his Complaint that he had no knowledge of the disqualification until December 2022. The decision in *Crew* clearly instructs us that the deadline to appeal in this case is the lesser of 90 days after the act, omission, order, or determination *becomes actually known to*

*the person*, or one year.  Taking the facts as alleged in the pleadings, Plaintiff appealed within 90 days of gaining actual knowledge.

## III.  CONCLUSION

Based on the Complaint and Motion, Defendant has failed to show that Plaintiff's Complaint was filed beyond the limitations period.  Thus, Defendant's Motion must be denied. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is denied.

IT IS FURTHER ORDERED that a case management hearing will be scheduled by separate notice.

Dated this _____ day of March 2023.

RICHARD DAVIS
MAGISTRATE

***This interim order may not be appealed.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved.  ORS 305.501.***

***This document was signed by Magistrate Richard Davis and entered on March 14, 2023.***