# HEWLETT-PACKARD COMPANY
## *v.*
## DEPARTMENT OF REVENUE
## (TC 3643)

David L. Canary, Garvey, Schubert & Barer, Portland, represented plaintiff.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered March 13, 1995.

**CARL N. BYERS, Judge.**

Plaintiff requested the director of the Department of Revenue (defendant) to exercise his discretion and excuse a late-filed application for property tax exemption under ORS 307.330. The director denied plaintiff's request and plaintiff appealed to this court.

The issue is whether the director abused his discretion in denying plaintiff's request. The matter has been submitted to the court for decision based on the record before the director. The facts are largely undisputed and the parties' memoranda argue the interpretation and significance of the facts.

In 1992 plaintiff began construction of a manufacturing facility in Benton County. Plaintiff's property tax supervisor contacted the county assessor's office and obtained the form to apply for a construction-in-progress exemption under ORS 307.330.[1] That statute exempts property from taxation if it is under construction on July 1 and meets other conditions.[2] The application form for the exemption must be submitted to the county assessor by August 1. Plaintiff timely filed an application for exemption for the 1992-93 tax year and the exemption was granted.

Plaintiff's tax agent did not realize that the exemption must be applied for each year. The agent might have learned of this need through communication with the assessor's office except for unusual circumstances. In July 1993 the tax agent's father-in-law became ill, was hospitalized and then unexpectedly died. Two days later the agent was informed that his niece in Arizona had also died. As a result, the tax agent spent most of July out of the office attending to funerals and family matters. During the last week of July, the agent was required to participate in company meetings which lasted from 8:00 a.m. to 7:00 p.m. Apparently the stress and energy drain suffered by the agent in July caused him to become very sick. As a result, the August 1 application deadline passed without notice.

Plaintiff's tax agent remained unaware of the need to file for the exemption for 1993 until a county appraiser

---

[1] All references to the Oregon Revised Statutes are to the 1991 Replacement Part.

[2] ORS 307.330(1) (1991) provides:

"(1) Except for property centrally assessed by the Department of Revenue, each new building or structure or addition to an existing building or structure is exempt from taxation for each tax year of not more than two consecutive years if the building, structure or addition:

"(a) Is in the process of construction on July 1;

"(b) Is not in use or occupancy on July 1;

"(c) Has not been in use or occupancy at any time prior to such July 1 date;

"(d) Is being constructed in furtherance of the production of income; and

"(e) Is, in the case of nonmanufacturing facilities, to be first used or occupied not less than one year from the time construction commences. Construction shall not be deemed to have commenced until after demolition, if any, is completed."

telephoned and inquired about the filing. Once informed, the agent took action and filed the application on September 28, 1993. Due to the late filing, the assessor was obligated to deny the application.

Plaintiff appealed to defendant seeking relief on grounds of hardship under ORS 308.475. The relevant portion of that statute provides:

"(1)  Any taxpayer may apply to the Director of the Department of Revenue for a recommendation that the value of certain property be stricken from the assessment roll and that any taxes assessed against such property be stricken from the tax roll on the grounds of hardship.

"(2)  As used in this section, 'hardship' means a situation where property is subject to taxation but would have been exempt had there been a timely filing of a valid claim for exemption or cancellation of assessment, and where the failure to make timely application for the exemption or cancellation was by reason of good and sufficient cause." ORS 307.475(1-2).

To implement this statute, defendant has adopted Administrative Rule 150-307.475. Subsection 2 of that rule defines "good and sufficient cause" as:

"[A]n extraordinary circumstance beyond the control of the taxpayer, or the taxpayer's agent or representative, which causes a late filing.

"(a)  Extraordinary circumstances include but are not limited to the following:

"(A)  Illness, absence or disability which substantially impairs a taxpayer's ability to make a timely application. The substantial impairment must have existed for a considerable time prior to the filing deadline, and must have been of such a nature that a reasonable and prudent taxpayer could not have been expected to conform to the deadline.

"* * * * *

"(b)  Extraordinary circumstances generally do not include the following:

"(A)  Late filing due to the taxpayer's inadvertence, oversight, or lack of knowledge regarding the filing requirements."

Department's Opinion and Order No. 93-4611, signed by the director, appears to have concluded that the

cause of plaintiff's failure to file was lack of knowledge. Consequently, defendant found plaintiff failed to show good and sufficient cause and denied plaintiff's petition.

Plaintiff argues that the circumstances experienced by its tax agent during the month of July clearly qualifies as an "illness, absence or disability which substantially impairs a taxpayer's ability to make a timely application." Plaintiff contends the director abused his discretion in refusing to find that these circumstances constituted good and sufficient cause under the statute.

■ In reviewing the exercise of discretion expressly granted to an administrative officer by statute, the court will not substitute its judgment for that of the officer.

> "[T]he court will confine its review of the officer's action to consideration whether the officer exercised his discretion judiciously and not capriciously and arrived at no conclusion which was clearly wrong." *Pratum Co-Op Whse. v. Dept. of Rev.*, 6 OTR 130, 134 (1975). (Citations omitted.)

■ The record in this case supports the director's finding that the reason the application was not timely filed was lack of knowledge of the need to file. Plaintiff's tax agent admitted he was unaware of the need to file for the exemption each year. Plaintiff chose to require its tax agent to participate in long meetings. The application for exemption was not filed until September 28. All of these facts support the director's finding.

In *Rogue River Pack. v. Dept. of Rev.*, 6 OTR 293 (1976), this court considered the judicial scope of review of decisions of the director in hardship cases:

> "The court is first confronted with a question as to what powers it can exercise in the premises. Reviewability of an administrator's discretion is fraught with problems. The determination of 'hardship' is the determination of a question of fact. The legislature has vested discretion in the Director of the Department of Revenue to determine this question. There is no reason to believe that the court's judgment should supplant the judgment of the director. Any attempt to do so might well be regarded as an infringement by the judiciary of the executive branch's jurisdiction, in violation of the constitutional separation of powers." 6 OTR at 297-98. (Citations omitted.)

The court finds that the director of defendant did not abuse his discretion in denying plaintiff's request for hardship relief. Based on the record, the director could find that the cause of failure to timely file the application was lack of knowledge and that such is not a good and sufficient cause. Accordingly, departmen's Opinion and Order No. 93-4611 must be sustained. Defendant to recover costs and disbursements.