362                    February 25, 2014                    No. 47

IN THE OREGON TAX COURT
REGULAR DIVISION

CLACKAMAS COUNTY ASSESSOR,
*Plaintiff,*

*v.*

Jon W. CREW
and Bobbe W. Crew,
*Defendants.*

(TC 5175)

Plaintiff (the county) appealed from a Magistrate Division decision as to disqualification of Defendants' (taxpayer) subject property from special assessment. The county had moved to dismiss taxpayers' complaint in the Magistrate Division on the ground that it was time-barred. Following a preliminary hearing, the court found that on the evidence presented, taxpayers' complaint was not time-barred because the relevant statute designates that for the type of notice of determination in this instance, the time period for appeal runs from the date the action complained of becomes actually known to a taxpayer.

Preliminary hearing was held in the courtroom of the Oregon Tax Court, Salem, on August 26, 2013.

Kathleen J. Rastetter, Clackamas County Counsel, Oregon City, filed the motion and argued the cause for Plaintiff (the county).

Defendant Jon W. Crew filed a response and argued the cause for Defendants (taxpayer) *pro se.*

Decision rendered February 25, 2014.

**HENRY C. BREITHAUPT, Judge.**

I.   INTRODUCTION

This matter is before the court for decision after a preliminary hearing on whether Defendants (Jon W. Crew and Bobbe W. Crew, sometimes collectively referred to as "taxpayer") filed a timely complaint in the Magistrate Division. The parties agreed that the statute of limitations issue would be addressed prior to consideration of other issues in the case.[1]

---

[1] The briefs of the parties identify themselves as relating to motions for summary judgment. Because factual issues remain to be decided with respect to the

## II.   FACTS

At the hearing on this matter taxpayer and Plaintiff (the county) presented witnesses and introduced other evidence relating to the contention of the county that the complaint of taxpayer filed in the Magistrate Division was time-barred.

On the basis of the evidence presented, the court finds the following facts:

(1)   The county mailed notices of disqualification to taxpayer in late June 2012.

(2)   The notices were not returned by the Post Office to the county.

(3)   Jon W. Crew was absent from Oregon on work from late June until late October 2012. During that time he asked Bobbe W. Crew to collect mail and look for any notices from the county. Bobbe W. Crew, bundled the unopened notices from the county with other mail held for Jon W. Crew's return to Oregon.

(4)   Upon his return to Oregon, Jon W. Crew read the notices of disqualification that had been delivered to taxpayer during the summer.

(5)   Within 90 days of reading the notices of disqualification, taxpayer filed a complaint in the Magistrate Division challenging the action taken by the county and set out in the notices of disqualification.

(6)   Until Jon W. Crew read the notices of disqualification, taxpayer did not have actual knowledge of the actions of the county with respect to qualification of property of the taxpayer for special assessments under Oregon law.

## III.   ISSUE

The issue at this stage of this proceeding is whether, within the time allowed by ORS 305.280(1), taxpayer filed a complaint in the Magistrate Division challenging the actions of the county taken in respect of the land of the taxpayer in question in this case.

---

statute of limitations issue, the question is one for preliminary decision and not for summary judgment.

## IV.   ANALYSIS

In the proceedings of the Magistrate Division in this case, the county also raised the bar of the statute of limitations. The magistrate's decision did not address that argument but proceeded to find that the actions of the county and its notices were defective and not valid as to the property in question.

As has been discussed in *Clifford Parsons, Trustee v. Dept. of Rev.*, 21 OTR 331 (2013), and *Nicolynn Properties LLC v. Dept. of Rev.*, 21 OTR 320 (2013), defects in the actions of taxing agencies, including statutorily required notices provided by such agencies, may only be challenged if the taxpayer brings a complaint to this court in the time allowed by statute. A failure to do so may, if the matter is raised by the taxing agency, conclude the case.[2]

Here the county raised the issue of timeliness. It was not addressed by the magistrate, and is again raised in this division of the court.

The notices of disqualification, the propriety of which is at issue, were issued under ORS 308A.718.[3] Subsection (4) of that statute provides that the determination of the assessor contained in the notice may be appealed to this court "within the time and in the manner provided in ORS 305.404 to 305.560."

ORS 305.560 provides that an appeal under ORS 305.275 may be taken "within the time required under ORS 305.280." The denial of special assessment involved in this case is addressed in the appeal provisions of ORS 305.275(1)(a)(C). In turn, ORS 305.280(1) provides that such an appeal "shall be filed within 90 days after the act, omission, order or determination becomes *actually known* to the person, *but in no event later than one year after the act*

---

[2] Prior decisions have sometimes described the failure to file within the time allowed by statute as defeating the jurisdiction of this court. That is not the correct analysis. ORS 305.425(2) provides in part: "The time within which the statute provides that the proceeding shall be brought is a period of limitations and is not jurisdictional." Accordingly, failure to file in a timely manner may lead to dismissal, but it does not divest the court of jurisdiction.

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

*or omission has occurred, or the order or determination has been made.*" (Emphasis added.)

The county argues that statutory presumptions apply and require the conclusion that taxpayer received the notices in question more than 90 days before the filing of the complaint in the Magistrate Division.

That argument would be persuasive if the statute governing appeal in this case measured the 90-day period from the date of receipt of the notices.[4] However, it does not. Rather, the time period for appeal runs from the date the action complained of becomes actually known to the taxpayer.

In this case, the evidence leads to a finding that taxpayer did not become actually aware of the disqualification until late October 2012. The county suggests taxpayer should not be allowed to extend appeal time by failing to pick mail up or read it in a more timely way. That could be a successful argument if the statute contained a "known or should have known" rule. But it does not. The language is explicit in requiring actual knowledge. The legislature knows how to express the concept of "known or should have known." *See, e.g.*, ORS 12.110(4) (measuring from date of discovery or date matter should have been discovered). Here the legislature provided no constructive knowledge qualification in the statute. Rather, the legislature provided an absolute limit of one year from the occurrence of objectively determinable points in time as the limit on the time allowed for a taxpayer to make himself or herself aware of certain acts or omissions.

## V. CONCLUSION

Now, therefore,

IT IS THE DECISION OF THIS COURT that the complaint filed by Defendants was not time-barred. This case will be continued to consider the other issues presented.

---

[4] Some statutes do measure limitations periods from the date of service by mail or issuance of an order or some other more objectively determinable date. *See, e.g.*, ORS 305.280(1) in the text immediately following the actual notice rule; and *see* ORS 305.280(4).