IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

DOUGLAS P. COVEY,                          )
                                           )
            Plaintiff,                     )    TC-MD 140361N
                                           )
      v.                                   )
                                           )
CLACKAMAS COUNTY ASSESSOR,                 )
                                           )
            Defendant.                     )    **FINAL DECISION OF DISMISSAL**

This Final Decision of Dismissal incorporates the court's Decision of Dismissal entered January 23, 2015. The court did not receive a request for an award of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* TCR-MD 16. Plaintiff filed a letter on January 26, 2015, relating a telephone conversation with Defendant and offering to provide evidence for the court's review. The court construes Plaintiff's letter as a motion for reconsideration, and addresses it in section III below.

This matter is before the court on Defendant's motion to dismiss, filed October 8, 2014. A case management conference was held on November 19, 2014, during which the parties discussed Defendant's motion to dismiss and set a briefing schedule to file arguments on it. The schedule was memorialized in a Journal Entry issued November 19, 2014, and twice extended by Orders of the court issued December 9, 2014, and December 30, 2014. This matter is now ready for the court's determination.

## I. STATEMENT OF FACTS

Plaintiff filed his Complaint on September 23, 2014, challenging Defendant's notice disqualifying property identified as Account 00803081 (subject property) from farm use special assessment "effective January 1, 2014." (Compl at 2.) The notice was dated May 14, 2014. (*Id.*)

In its motion to dismiss, Defendant asserted that Plaintiff's Complaint was not timely filed under

ORS 308A.718(4). In response to Defendant's motion to dismiss, Plaintiff wrote:

> "When I received the notification from the Clackamas county Assessor dated May 14, 2014, I was very ill with influenza. This illness lingered and affected my activities for most of the early part of the summer. As I was recovering from this, I contracted pharyngitis, which necessitated a course of antibiotics. During this whole time period I was also receiving counseling for depression * * *.

> "As a result of these health issues, I was not attending to my personal and civic responsibilities as I should have been, and that is why I did not respond in a timely fashion to the inquiry from Clackamas County."

(Ptf's Ltr at 1, Jan 12, 2015.)

Defendant filed its written reply on January 23, 2015, noting that Plaintiff did not respond

to its Notice of Intent to Disqualify the subject property, mailed February 18, 2014, or to its

notice of disqualification, mailed May 14, 2014. (Def's Ltr at 1, Jan 23, 2015.) Defendant stated

that it "does not wish to make light of the reasons stated in Plaintiff's response for not filing a

timely appeal," but "does not find said reasons compelling given the length of time that Plaintiff

was given to respond to the County's actions." (*Id.* at 2.)

## II. ANALYSIS

The only issue presented at this stage of the proceeding is whether Plaintiff's appeal was

timely filed.

ORS 308A.718(4) states that, following receipt of the assessor's disqualification notice,

"the taxpayer may appeal the assessor's determination to the Oregon Tax Court within the time

and in the manner provided in ORS 305.404 to 305.560."[1] ORS 305.275(1) provides for appeal

to the Magistrate Division by persons aggrieved by "an act, omission, order or determination

of * * * [a] county assessor or other county official[.]" ORS 305.560(1)(a) states that "an appeal

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

under ORS 305.275 may be taken by filing a complaint * * * within the time required under ORS 305.280." ORS 305.280(1) states, in pertinent part, that,

> "[e]xcept as otherwise provided in this section, an appeal under ORS 305.275 shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or determination has been made."

"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *." ORS 305.427.

The notice at issue in this case was issued on May 14, 2014, and Plaintiff's Complaint was filed more than 90 days after the date of the notice.[2] However, the applicable deadline to appeal under ORS 305.280(1) is 90 days from the date that the determination became *actually known* to Plaintiff. *See Clackamas County Assessor v. Crew*, 21 OTR 362, 364-65 (2014). It is unclear from Plaintiff's written response when he received actual knowledge of Defendant's notice disqualifying the subject property from farm use special assessment. Plaintiff explained that, at the time he received the notice and subsequently through "the early part of the summer[,]" he was afflicted by several illnesses that prevented him from appealing the notice. However, Plaintiff did not identify the date on which he received the notice or assert that his illnesses prevented him from gaining actual knowledge of Defendant's determination. As a result, the court is unable to determine when Plaintiff received actual knowledge of Defendant's determination. Plaintiff failed to carry his burden of proving that his appeal was timely filed under ORS 305.280(1) and the court concludes that Defendant's motion to dismiss should be granted.

/ / /

---

[2] The date 90 days after the date of the notice was August 12, 2014.

### III.  MOTION FOR RECONSIDERATION

Under Tax Court Rule – Magistrate Division (TCR-MD) 18 C, motions for

reconsideration are not accepted in the Magistrate Division:

> "Following issuance of a decision, final decision, or judgment, the court
> will not accept motions for reconsideration or to reopen the record; therefore, the
> provisions of TCR 80 are inapplicable in the Magistrate Division."

TCR-MD 18 C.  Therefore, Plaintiff's motion for reconsideration must be denied.

### IV.  CONCLUSION

After careful consideration, the court concludes that Plaintiff failed to carry his burden of

proving his appeal was timely filed under ORS 305.280(1) and therefore Defendant's motion to

dismiss should be granted.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted.

Plaintiff's Complaint is dismissed.

IT IS FURTHER DECIDED that Plaintiff's motion to reconsider is denied.

Dated this ＿＿ day of February 2015.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the
Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street,
Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street,
Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final
Decision of Dismissal or this Final Decision of Dismissal cannot be changed.
TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer on February 9,
2015.  The court filed and entered this document on February 9, 2015.*