IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

EARTH SCIENCE PRODUCTS CORP.,    )
an Oregon Corporation,    )
    )
    Plaintiff,    )    TC-MD 160012N
    )
    v.    )
    )
CLACKAMAS COUNTY ASSESSOR,    )
    )
    Defendant.    **ORDER**

Plaintiff filed its Complaint on December 31, 2015,[1] challenging the disqualification of

property identified as Account 00835350 (subject property) from exclusive farm use special

assessment for the 2013-14, 2014-15, and 2015-16 tax years. Plaintiff attached to its Complaint

a letter dated July 24, 2013, sent by Defendant to Shane C. Kennedy (Shane)[2] stating that the

subject property "has been removed from special assessment effective January 1, 2013." (Compl

at 3.) Plaintiff asserts that Defendant's letter is in error because Defendant

> "failed to comply with the requirements of OAR 150-308A.113(1) prior to
> disqualifying the subject property from farm use special assessment for the tax
> years 2013, 2014 and 2015 and Plaintiff's use of the subject property complies
> with the plain meaning of 'Farm Use' as set forth in ORS 308A.056(1)(i)."

(*Id.* at 2.) Plaintiff requests that the court "[i]nvalidate the 2013 disqualification from farm use

special assessment and reduce the Assessed Values" for the 2013-14, 2014-15, and 2015-16 tax

years. (*Id.*)

---

[1] Plaintiff's Complaint was received by the court on January 11, 2016. However, Plaintiff asserted that it mailed its Complaint on December 31, 2015, and attached a Post Office receipt from December 31, 2015. (Ptf's Br at 1, Ex 1.) Plaintiff's Complaint was signed and dated on December 30, 2015, and the Complaint was postmarked on December 31, 2015. (*See* Compl at 1, 4.) Plaintiff's Complaint is deemed filed on December 31, 2015, because it was postmarked on that date. ORS 305.418(1) (2013).

[2] When referring to a party in a written order, it is customary for the court to use the last name. However, in this case, the court's Order recites facts and references to two individuals with the same last name, Kennedy. To avoid confusion, the court will use the first name of the individual being referenced.

On February 1, 2016, Defendant filed its Answer and Motion to Dismiss (Motion), requesting that Plaintiff's Complaint be dismissed because it was "filed well past the 90 day appeal deadline for appealing the disqualification notice as per ORS 305.275 and ORS 305.280. The complaint is also well past one year after the disqualification." (Def's Mot at 1.) During the case management conference held in this matter on February 25, 2016, the parties discussed Defendant's Motion. Plaintiff asserted that this court has jurisdiction to consider its appeal under ORS 305.288(3). The parties agreed to file written arguments and evidence on the issue.

On March 10, 2016, Plaintiff filed its written brief with supporting documents. Plaintiff wrote that, "[d]uring the time period 2012 and 2013 Shane * * * was the owner of the subject property and * * * [Plaintiff] leased the property. By the terms of the lease, [Plaintiff] was responsible for paying the property taxes." (Ptf's Br at 3.) Shane was the President and his mother, Sandra Kennedy (Sandra), "was the Corporate Secretary and Office Manager for [Plaintiff]." (*Id.*) As office manager, Sandra "was in charge of the phones, the mail and paying bills. During 2012 and 2013 Sandra * * * was ill and undergoing chemo-therapy and was eventually diagnosed with Alzheimer's disease." (*Id.*) "The office manager duties (mail, phones and bill paying) were given to a trusted family friend and part-time employee who became the full-time Office Manager, Dennis Turner. Mr. Turner turned out to be a criminal, hiding information, stealing money and opening credit accounts and providing falsified reports (QuickBooks) of accounts as paid when they were not paid – including the Property Taxes for 2013." (*Id.*) "On October 26, 2015, Mr. Turner pled guilty under a plea bargain to one count of Theft – 1 a class C Felony and one count of Theft of Identity a Class C Felony." (*Id.*) The incident dates of Dennis Turner's (Turner) Theft and Theft of Identity were both December 1, 2013. (*Id.* at 17.) The charging instrument was dated September 1, 2015. (*Id.*)

On May 2, 2016, Plaintiff filed a Supplemental Brief with a supporting affidavit of Shane to address the question of when Shane learned about the subject property's disqualification. Shane stated in his affidavit that he "did not know about the disqualification until sometime between receiving the property tax statement for 2014-2015 (Exhibit A) in October 2014 and when [he] submitted a form (Exclusive Farm Use Zone Information) to the Clackamas County Assessor's office which [he] dated January 30, 2015 (stamped received February 12, 2015). (Exhibit B)." (Ptf's Supp Br at 3.) He wrote that, before receiving the 2014-15 property tax statement, he "did not know that the 2013-2014 property taxes were unpaid and [he] was surprised by the amount that was owed." (*Id.*) Defendant filed a Response on May 11, 2016, stating that, based on its records, Shane "requested the Exclusive Farm Use Zone Information form from [its] office on October 27, 2014[,]" and "[t]he application was mailed to [Shane] after January 1, 2015 because the request was to place the subject property back into exclusive farmland special assessment for the 2015-16 tax year." (Def's Resp at 1, May 11, 2016.)

In Plaintiff's view, the combination of Sandra's illness and Turner's guilty plea "provide an extraordinary circumstance beyond the control of [Plaintiff], preventing the timely filing of this appeal." (Ptf's Br at 4.) In its Responses, Defendant disagreed that Plaintiff established good and sufficient cause for failing to timely pursue the statutory right of appeal. (Def's Resp at 1–2, Mar 24, 2016; Def's Resp at 1, May 11, 2016.) In Defendant's view, Plaintiff's failure to timely appeal was due to lack of knowledge, inadvertence, or oversight. (*Id.*)

A.    *Good and Sufficient Cause Standard Under ORS 305.288; Burden of Proof*

ORS 305.288(3) states,[3] in pertinent part:

"The tax court may order a change or correction applicable to a separate
assessment of property to the assessment or tax roll for the current tax year and

---

[3] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2013.

for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable, the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."

ORS 305.288(5)(b)(A) defines "good and sufficient cause" as "an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal[.]" Good and sufficient cause "[d]oes not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information." ORS 305.288(5)(b)(B).

Plaintiff has the burden of proof and must establish its case by a preponderance of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev.,* 4 OTR 302, 312 (1971).

B.    *Tax Years at Issue*

ORS 305.288(3) permits the court to order a change to "the current tax year" and "either of the two tax years immediately preceding the current tax year." For purposes of ORS 305.288, " '[c]urrent tax year' has the meaning given the term under ORS 306.115." ORS 305.288(5)(a). The current tax year is defined by ORS 306.115(5) as "the tax year in which the need for the change or correction is brought to the attention of the department." A tax year is a 12-month period from July 1 through June 30. *See* ORS 308.007(1)(c). In this case, Plaintiff's appeal was filed during the 2015-16 tax year, which began on July 1, 2015, and ends June 30, 2016. Thus, the "current tax year" is the 2015-16 tax year and the two preceding tax years are the 2013-14 and 2014-15 tax years.

/ / /

Plaintiff's written briefs focus on events that occurred in 2012 and 2013. Plaintiff presented no evidence of "good cause" pertaining to 2014 or 2015. As a result, the court concludes that it lacks jurisdiction under ORS 305.288(3) to order a change for either the 2014-15 or the 2015-16 tax years. Defendant's Motion to Dismiss is granted with respect to Plaintiff's 2014-15 and 2015-16 tax year appeals.

C.     *The Statutory Right of Appeal*

Under ORS 305.288(3), the "good and sufficient cause" must relate to the taxpayer's failure "to pursue the statutory right of appeal." Plaintiff appealed from Defendant's notice disqualifying the subject property from farm use special assessment. The statutory authority for Defendant's notice is found in ORS 308A.718 (1)(a) (2011), which requires the county assessor to send notice if land is disqualified from farm use special assessment. ORS 308A.718(4) (2011) states that "the taxpayer may appeal the assessor's determination to the Oregon Tax Court within the time and in the manner provided in ORS 305.404 to 305.560." ORS 305.560(1) states, in part, that "an appeal under ORS 305.275 may be taken by filing a complaint * * * within the time required under ORS 305.280." Pursuant to ORS 305.275(1)(a)(C), a taxpayer who is "aggrieved by and affected by" a county assessor's denial of special assessment may file an appeal with this court as provided in ORS 305.280. Under ORS 305.280(1), the appeal "shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or determination has been made."

Defendant's letter notifying Plaintiff that the subject property had been disqualified from farm use special assessment was mailed on July 24, 2013.[4] Shane stated in his affidavit that he

---

[4] In its Complaint, Plaintiff alleged that Defendant "failed to comply with the requirements of OAR 150-308A.113(1) prior to disqualifying the subject property from farm use special assessment * * *." (Compl at 2.)

discovered the disqualification in October 2014 when he received the 2014-15 property tax statement. Thereafter, he submitted an "Exclusive Farm Use Zone Information" form to Defendant. Consistent with Shane's statement, Defendant confirmed that Shane contacted Defendant on October 27, 2014, to request that form. The court finds that Shane became aware of the disqualification in October 2014, which was beyond the one year limit for filing an appeal under ORS 305.280(1). Thus, Plaintiff had no statutory right of appeal at the time that Shane discovered the disqualification. (*See* Ptf's Br at 2 (conceding to the same).)

D.    *Whether Good and Sufficient Cause Exists for the 2013-14 Tax Year*

In 2012 and 2013, Plaintiff's officers were Shane and his mother Sandra. Sandra also served as Plaintiff's office manager and, in that capacity, was responsible for "the phones, the mail and paying bills." (Ptf's Br at 3.) During 2012 and 2013, Sandra was ill and receiving chemotherapy. She was also diagnosed with Alzheimer's at some point during that time period. As a result of Sandra's illness, Plaintiff entrusted Turner, a "family friend and part-time employee," to manage the office. (*Id.*) At some point, Turner "became the full-time Office Manager" and assumed Sandra's duties. (*Id.*) As it turned out, Turner hid information, stole money, and falsified Plaintiff's books, "including the Property Taxes for 2013." (*Id.*) In 2015, Turner pled guilty to Theft and Theft of Identity for his actions.

Under ORS 305.288(5), "good and sufficient cause" is "an extraordinary circumstance that is beyond the control of the taxpayer, *or the taxpayer's agent or representative * * *.*" (Emphasis added.) When the taxpayer is an entity, this court typically considers whether the employee, officer, or agent responsible for property tax matters had "good and sufficient cause"

---

However, the court may not consider such alleged defects at this stage of the proceeding. *See Clackamas County Assessor v. Crew*, 21 OTR 362, 364 (2014) ("[D]efects in the actions of taxing agencies, including statutorily required notices provided by such agencies, may only be challenged if the taxpayer brings a complaint to this court in the time allowed by statute.").

for failing to pursue the statutory right of appeal. *See, e.g., Hewlett-Packard Co. v. Dept. of Rev.*, 13 OTR 247, 248–51 (1995) (considering whether the taxpayer's tax agent demonstrated good and sufficient cause for failure to pursue the statutory right of appeal). In this case, Plaintiff is a corporation that, as of 2013, had two officers and an employee. Based on the facts presented by Plaintiff, its employee, Turner, was responsible for managing the office, including the mail and bills. There is no evidence in this case that Turner had good and sufficient cause for failing to pursue the statutory right of appeal; to the contrary, Turner intentionally hid information, stole money, and falsified Plaintiff's books and records. The question is whether Turner was Plaintiff's "agent or representative" within the meaning of ORS 305.288(5).

The terms "agent" and "representative" are not defined in ORS 305.288. In the context of vicarious liability, the Oregon Supreme Court observed that, "[a]t common law, 'agency' was defined as a relationship that 'results from the manifestation of consent by one person to another that the other shall act *on behalf and subject to his control,* and consent by the other so to act.' " *Vaughn v. First Transit, Inc.*, 346 Or 128, 135, 206 P3d 181 (2009) (emphasis in original) (quoting *Hampton Tree Farms, Inc. v. Jewett*, 320 Or 599, 617, 892 P2d 683 (1995)). Generally, an employee is considered a type of agent. *See id.* at 137 (describing "two types of agents: employees (or 'servant' agents) and agents who are not employees * * *"). "Unless otherwise agreed, the authority of an agent terminates if, without knowledge of the principal, he acquires adverse interests or if he is otherwise guilty of a serious breach of loyalty to the principal." *Marnon v. Vaughan Motor Co.*, 189 Or 339, 349, 219 P2d 163 (1950) (quoting Restatement (First) of Agency § 112 (1933)) (internal quotation marks omitted); *see also* Restatement (Second) of Agency § 112 (1958) (providing the same rule).[5] The Restatement (Second) of

---

[5] According to the Restatement (Third) of Agency § 3.09 (2006), "[a]n agent's actual authority terminates * * * upon the occurrence of circumstances on the basis of which the agent should reasonably conclude that the

Agency § 112 provides the following illustration: "P employs A, a traveling salesman, to sell goods and receive the price. At the beginning of his trip A embezzles a portion of the amounts received and intends to continue to do so. A is not authorized to continue to sell."

Based on the foregoing principles of agency, the court concludes that Turner was initially Plaintiff's agent because he was Plaintiff's employee. However, Turner's authority as Plaintiff's agent terminated when he engaged in criminal conduct against Plaintiff and, thereby, ceased to act on behalf of Plaintiff's interests. Because Turner was not Plaintiff's agent in 2013, the court must determine whether Plaintiff's corporate secretary and former office manager, Sandra, had good and sufficient cause for failing to pursue the statutory right of appeal in 2013. The evidence presented indicates that Sandra was unable to complete her duties as officer manager in 2013 due to her own serious medical conditions. Furthermore, she was deceived by Turner to believe that he was managing the office in her absence. The court finds that those were "extraordinary circumstances" beyond Sandra's control that prevented her from pursuing the statutory right of appeal in 2013.

Defendant argues that Plaintiff's explanation in this case falls under lack of knowledge, inadvertence, or oversight, each of which is expressly excluded from the statutory definition of "good and sufficient cause." The court finds no evidence that Plaintiff's failure to timely appeal was due to inadvertence or oversight. With respect to lack of knowledge, the court understands Defendant's position to be that Plaintiff's true reason for failing to timely appeal was its reliance upon Turner to manage its office and that reliance constituted "lack of knowledge."

In some instances, a taxpayer's failure to pursue the statutory right of appeal is due to several causes. For instance, in *Hewlett-Packard Co.*, 13 OTR at 248, the plaintiff's tax agent

---

principal no longer would assent to the agent's taking action on the principal's behalf."

had suffered several family deaths and a personal illness that prevented the tax agent from timely applying for a property tax exemption. However, the plaintiff's tax agent was also unaware of the need to file for an exemption. *Id.* The Department of Revenue denied the taxpayer's hardship appeal under a statute similar to ORS 305.288(3), (5), based on its conclusion that the tax agent failed to appeal due to lack of knowledge. The Tax Court sustained the Department of Revenue's action under an abuse of discretion standard of review. The "lack of knowledge" at issue was with respect to the property tax exemption filing requirement.

There is no evidence in this case that Plaintiff's officers, Shane and Sandra, were unaware of the property tax appeals process. Rather, the evidence indicates that they were preoccupied with Sandra's illnesses and they entrusted Turner to manage the office, including the mail and bills. Turner hid information and falsified the corporate records, thereby deceiving Plaintiff's officers. The court finds that Plaintiff did not fail to pursue the statutory right of appeal based on a "lack of knowledge" within the meaning of ORS 305.288(5)(b)(B).

E. *Conclusion*

The court concludes that Plaintiff failed to present any evidence of "good and sufficient cause" under ORS 305.288(3) for the 2014-15 and 2015-16 tax years. As a result, Defendant's Motion to Dismiss is granted in part. Plaintiff's 2014-15 and 2015-16 tax year appeals are dismissed. The court further finds that Plaintiff demonstrated "good and sufficient cause" under ORS 305.288(3) for the 2013-14 tax year, so Plaintiff's 2013-14 tax year appeal may proceed in this court. Within 14 days from the date of the Order, Plaintiff must confer with Defendant and file a written status report proposing three mutually convenient trial dates. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted in part. Plaintiff's 2014-15 and 2015-16 tax year appeals are dismissed.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss is denied in part. Plaintiff demonstrated "good and sufficient cause" under ORS 305.288(3) for the 2013-14 tax year, so Plaintiff's 2013-14 tax year appeal may proceed in this court. Within 14 days from the date of the Order, Plaintiff must confer with Defendant and file a written status report proposing three mutually convenient trial dates.

Dated this ____ day of May 2016.

_____
ALLISON R. BOOMER
MAGISTRATE

***This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.***

***This document was filed and entered on May 24, 2016.***