IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

ETHAN YOUNG,                                    )
                                                )
            Plaintiff,                          )    TC-MD 240583N
                                                )
      v.                                        )
                                                )
LANE COUNTY ASSESSOR,                           )
                                                )    **ORDER DENYING MOTION TO**
            Defendant.                          )    **DISMISS**

This matter came before the court on Defendant's Motion to Dismiss (Motion), filed October 15, 2024, requesting that Plaintiff's appeal be dismissed as untimely. Plaintiff filed a response on November 14, 2024, and the parties discussed the Motion and response during the case management conference held December 3, 2024.

A.      *Statement of Facts*

The parties did not identify any disputed facts. On May 22, 2024, Defendant mailed to Plaintiff a Notice of Intention to Add Omitted Property (notice of intention) and Plaintiff received that notice. (*See* Def's Mot at 1.) Shortly thereafter, the parties discussed the notice of intention by email, and Defendant's representative told Plaintiff that he would be mailing "a second letter regarding additional tax owing due to omitted property along with an explanation of appeal rights * * *." (*Id.*) On June 12, 2024, Defendant mailed to Plaintiff a Notice of Roll Correction. (*See id.*) Defendant mailed the notice of roll correction to the same address, but Plaintiff did not receive it. (*See* Ptf's Compl at 2, 4.) On September 21, 2024, Plaintiff emailed Defendant stating that he had not received the notice of roll correction. (Def's Mot at 1.) Defendant emailed a copy of the notice of roll correction to Plaintiff, which he received on September 23, 2024. (Compl at 4.) Plaintiff filed this appeal on September 27, 2024.

B.     *Analysis*

The issue is whether Plaintiff's appeal should be dismissed as untimely.  Defendant

maintains the Complaint is untimely because it "was not filed within 90 days of the mailing date"

of the notice of roll correction.  (Def's Mot at 2.[1])

ORS 311.223(4) gives the relevant standard for appeal from a notice of omitted property

tax assessment: "Any person aggrieved by an assessment made under ORS 311.216 to 311.232

may appeal to the tax court within 90 days after the correction of the roll as provided in ORS

305.280 and 305.560."[2]  "For purposes of ORS 311.223(4) * * * the 'roll is corrected' on the

date the assessor sends the notice to the taxpayer's last known address by first class mail as

required in [ORS] 311.223(2)."  Oregon Administrative Rule 150-311-0220; *see also Nicolynn v.*

*Dept. of Rev.*, 21 OTR 320, 323 (2013) (applying administrative rule).  Plaintiff did not allege

that Defendant's mailing of the notice of roll correction was defective, so the court accepts

June 12, 2024, as the date of the roll correction.

ORS 311.223(4) provides that the appeal may be taken "*as provided in ORS 305.280* and

305.560."  (Emphasis added).  ORS 305.280(1) establishes the time to appeal to this court:

> "Except as otherwise provided in this section, an appeal under ORS 305.275(1) or
> (2) shall be filed within 90 days after the act, omission, order or determination
> becomes *actually known to the person*, but in no event later than one year after the
> act or omission has occurred, or the order or determination has been made."

(Emphasis added.)  This court previously analyzed the history of the reference to ORS 305.280

in ORS 311.223(4).  *See Burke Cohen Living Trust v. Multnomah County Assessor*, TC-MD

---

[1] Defendant's Motion references the Notice of Intention to Add Tax Due to Omitted Property, but that is the first of two notices required by statute.  *See* ORS 311.219 and 311.223; *see also Hoggard v. Dept. of Rev.*, 23 OTR 406 (2019) (discussing requirement for two notices).  The court construes Defendant's argument to be that Plaintiff's appeal must have been filed within 90 days from the date of the notice of roll correction.

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

130385D, 2013 WL 6161924 (Or Tax M Div, Nov 25, 2013). In that case, the court explained that the reference to ORS 305.280 was added in a 2007 amendment following a decision by this court that ORS 305.280 did not apply to appeals under ORS 311.223(4) where the predecessor statute lacked a reference to ORS 305.280. *Id.* at n2. The court concluded that, "[b]ecause ORS 311.223(4) limits the appeal period to 90 days, in conjunction with ORS 305.280(1) it functions as a statute of limitations for omitted property appeals and clerical error corrections. Appeals must be filed within 90 days after the assessment becomes actually known to the person." *Id.* at *2; *see also Clackamas County Assessor v. Crew*, 21 OTR 362, 365 (2014) (concluding that special assessment disqualification was not actually known to taxpayer under ORS 305.280(1) until taxpayer opened the letter several months after it was mailed).[3]

Here, Plaintiff alleges that he did not gain actual knowledge of the roll correction until he received a copy of the notice by email on September 23, 2024, so he had 90 days from that date to appeal. The court agrees with Plaintiff, with the caveat that no appeal would be allowed more than one year after the roll correction on June 12, 2024.

C. *Conclusion and Next Steps*

Upon careful consideration, the court concludes that Defendant's Motion to Dismiss must be denied. Plaintiff's appeal is timely under ORS 305.280(1) because it was filed within 90 days

---

[3] The legislative change to ORS 311.223(4) has, on at least one occasion, been overlooked by the court. *See Hughes v. Tillamook County Assessor,* TC-MD 170375R, 2018 WL 1920119 (Or Tax M Div, Apr 24, 2018). In that case, the court failed to consider the explicit reference to ORS 305.280 in the amended ORS 311.223(4) and instead applied a limitations period from the date of the roll correction despite taxpayer's allegation that he did not receive the notice. The court applied the holding in *Adair v. Department of Revenue*, 17 OTR 311 (2004), which was decided before the 2007 amendment to ORS 311.223(4). To the extent that *Hughes* applied a constructive knowledge standard based on what taxpayer should have known, the court erred. *See, e.g.,* 2018 WL 1920119 at *3 (observing that taxpayer was "on notice that [the county] was about to make an assessment because he had received other notices and had engaged in discussions with county representatives on the issue.") ORS 305.280(1) provides an actual knowledge standard, and this court has specifically rejected an argument that ORS 305.280(1) could be interpreted as a "should have known" standard. *See Crew*, 21 OTR at 365 (rejecting county's argument that "taxpayer should not be allowed to extend appeal time by failing to pick mail up or read it in a more timely way").

of when he gained actual knowledge of the roll correction, but not more than one year after the date of the roll correction.

During the case management conference, Defendant requested a site inspection if the case proceeds and Plaintiff did not object. The parties will confer to schedule a site inspection and then file a joint written status report with the court. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is denied.

IT IS FURTHER ORDERED that the parties will confer to schedule a site inspection and, by February 12, 2025, file a joint written status report with the court.

_____

***This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.***

***This Order was signed by Presiding Magistrate Allison R. Boomer and entered on January 13, 2025.***