IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| TED KOELLMANN<br>and BONNIE KOELLMANN, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 250600G |
| | ) | |
| v. | ) | |
| | ) | |
| MARION COUNTY ASSESSOR, | ) | |
| | ) | **ORDER ON DEFENDANT'S** |
| Defendant. | ) | **MOTION TO DISMISS** |

This matter came before the court on Defendant's Motion to Dismiss Plaintiffs'

Complaint as untimely. Although styled as a motion to dismiss, the parties' briefs included

exhibits, and the court held an evidentiary hearing at which Plaintiff Ted Koellmann testified.

## I. FACTS

On the basis of the documentary evidence and Mr. Koellmann's sworn testimony, the

court finds the following facts:

(1)     Defendant sent Plaintiffs a letter dated June 4, 2025, warning that a portion of Plaintiffs' property "may not currently meet the requirements necessary to continue receiving special assessment." (Def's Reply, Ex 3 at 1.)

(2)     On June 9, 2025, Mr. Koellmann and Defendant exchanged emails about Defendant's letter and the status of the property. (*Id*., Ex 3 at 4-6.)

(3)     Defendant sent Plaintiffs a notice of disqualification by certified mail, dated August 4, 2025. (Def's Mot Dismiss, Ex 2 at 1-2.) That notice was delivered to an individual person at Plaintiffs' address on August 6, 2025. (*Id*., Ex 2 at 4.)

(4)     The envelope containing the disqualification notice remained unopened until Mr. Koellmann opened it and read its contents on August 7, 2025.

(5)     Plaintiffs filed a complaint in this court via electronic filing on November 5, 2025, which is 91 days after the notice was delivered and 90 days after it was read.

## II. ANALYSIS

At issue on this motion is whether Plaintiffs' Complaint was filed within the time allowed by ORS 305.280(1).[1]

Taxpayers have the right to appeal an assessor's disqualification of their property from special assessment "within the time and in the manner provided in ORS 305.404 to 305.560." ORS 308A.718(4). Under ORS 305.560, appeals are taken by filing complaints with the clerk of this court "within the time required under ORS 305.280."

The subsections of ORS 305.280 provide periods of limitations for appealing specific acts of various taxing authorities. Disqualification from special assessment is not among the acts listed in ORS 305.280. However, ORS 305.280(1) provides a limitations period for "an appeal under ORS 305.275(1) or (2)."

ORS 305.275(1) establishes a right to appeal to the Magistrate Division for persons aggrieved and affected by acts or omissions of taxing authorities, including "the denial of special assessment under a special assessment statute[.]" ORS 305.275(1)(a)(C). That right is for persons who have "no other statutory right of appeal for the grievance"—which might appear to exclude those with a right to appeal a disqualification notice under ORS 308A.718(4). *See* ORS 305.275(1)(c). However, given the requirement of ORS 305.560 that a limitations period be drawn from ORS 305.280, coupled with the explicit inclusion of special assessment denials in ORS 305.275(1)(a)(C), it is no surprise that this court has applied the limitations period found in ORS 305.280(1) where disqualification from special assessment is at issue. *See Clackamas County Assessor v. Crew*, 21 OTR 362 (2014) (*Crew*) (so doing).

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

The relevant limitations period is the most generous to plaintiffs of those given in ORS 305.280, allowing appeals to be "filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or determination has been made." ORS 305.280(1). For the present appeal, the key point is that the 90-day appeal period began when Plaintiffs acquired actual knowledge of Defendant's disqualification notice.

Actual knowledge may be contrasted with constructive knowledge, with the latter being knowledge imputed by law "to a person who fails to learn something that a reasonably diligent person would have learned." *Intel Corp. Inv. Policy Comm. v. Sulyma*, 589 US 178, 185, 140 S Ct 768, 206 L Ed 2d 103 (2020) (holding evidence of disclosure insufficient to prove actual knowledge requirement satisfied); *Crew*, 21 OTR at 362 (stating legislature provided no constructive knowledge qualification in ORS 305.280(1)). Thus, evidence that a notice was received but not read might satisfy a constructive notice requirement (*e.g.*, a "known or should have known" rule) but not the actual knowledge requirement of ORS 305.280(1). *See Crew*, 21 OTR at 362.

Actual knowledge can be inferred from circumstantial evidence, such as evidence of disclosure, electronic records showing disclosures were viewed, and evidence of action taken in response to disclosure. *Intel Corp.*, 589 US at 189-90. Furthermore, the doctrine of willful blindness may be relevant, whereby "persons who know enough to blind themselves to direct proof of critical facts in effect have actual knowledge of those facts." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 US 754, 766, 131 S Ct 2060, 179 L Ed 2d 1167 (2011) (citing *United States v. Jewell,* 532 F2d 697, 700 (CA9 1976)) (applying willful blindness doctrine in civil patent-infringement case). Willful blindness is shown where a person (1) subjectively believes there is

a high probability that a fact exists and (2) takes deliberate action to avoid learning of that fact. *Id.*, 563 US at 769.

Here, Mr. Koellmann credibly testified that the disqualification notice was first read on August 7, 2025, the day after it was received. The evidence does not suggest willful blindness. The court finds that Plaintiffs obtained actual knowledge when Mr. Koellmann read Defendant's disqualification notice on August 7, 2025, and that the period of limitations began running on that date. *See Crew*, 21 OTR at 362.

### III. CONCLUSION

Plaintiffs' Complaint was filed just within the period of limitations. *See* ORS 305.280(1). Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss be and hereby is denied.

IT IS FURTHER ORDERED that a case management conference be set to discuss further proceedings in this case. Notices will issue separately.

_____

*This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.*

*This Order was signed by Magistrate Poul F. Lundgren and entered on March 31, 2026.*